Filed 4/28/14  P. v. Gaspar CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039761 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1116084) |
| v. | |
| JOSE ANTONIO GASPAR, | |
| Defendant and Appellant. | |

## INTRODUCTION

Defendant Jose Antonio Gaspar pleaded no contest to two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).[1]  As to both counts, defendant admitted allegations that he inflicted great bodily injury (§ 12022.7, subd. (a)) and that he committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).

The trial court sentenced defendant to 13 years in prison.  For count 1, the trial court imposed the three-year midterm, with a consecutive 10-year term for the associated gang enhancement and a concurrent three-year term for the associated great bodily injury enhancement.  For count 2, the trial court imposed a concurrent two-year term and struck both enhancements.  The trial court also ordered defendant to pay a presentence

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

investigation fee "not to exceed [$]450" and a $6,800 restitution fine (§ 1202.4), and it imposed but suspended a $6,800 parole revocation restitution fine (§ 1202.45).

On appeal, defendant contends and the Attorney General agrees that the trial court erred in imposing both the great bodily injury enhancement and the gang enhancement as to count 1. Defendant also contends and the Attorney General concedes that the abstract of judgment and sentencing minute order should be modified to delete any reference to a waiver of appeal rights. Furthermore, defendant argues that the trial court erred in calculating the restitution fine and the parole revocation restitution fine. Lastly, defendant argues that the court erred by imposing a presentence investigation fee because the court failed to follow statutory procedure and did not determine his ability to pay.

For the reasons stated below, we will modify the judgment to stay the great bodily injury enhancement as to count 1, delete the reference to a waiver of appeal rights from the abstract of judgment and sentencing minute order, and reduce the restitution fine and the suspended parole revocation restitution fines to $5,200 each.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

#### A. *Count 1*

On September 19, 2011, Jaime Florentino walked past defendant and another individual. Thereafter, defendant and the other individual chased Florentino and stabbed him. Florentino sustained a laceration to his right arm and a deep stab wound to his right torso. Florentino stated that he was affiliated with the "Southside" gang. Defendant was affiliated with the "West Side" northern street gang.

#### B. *Count 2*

On June 24, 2011, defendant and another individual approached Pedro Valdez, who was standing outside his apartment with his girlfriend and his daughter. Defendant asked Valdez whether he "banged" and Valdez answered that he was not affiliated with

---

[2] The factual background is taken from the probation reports.

2

any gangs. Defendant told Valdez that his name was "Flaco" and that he "kicked it with VST." Defendant then shook Valdez's hand, took out a 6-inch knife, and stabbed Valdez. Valdez sustained a broken rib on his left side, a laceration to his left lung, and a laceration to his liver.

### C. Charges, Pleas, and Sentencing

The District Attorney filed a consolidated first amended complaint charging defendant with two counts of assault with a deadly weapon (§ 245, subd (a)(1)). As to both counts, the complaint alleged that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)) and that he committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).

On August 10, 2012, defendant pleaded no contest to both assault counts and admitted the associated gang and great bodily injury allegations.

On May 31, 2013, the trial court sentenced defendant to an aggregate prison term of 13 years. On count 1, the court sentenced defendant to the midterm of three years, with a consecutive 10-year term for the gang enhancement (§ 186.22, subd. (b)(1)(C)) and a concurrent three-year term for the great bodily injury enhancement (§ 12022.7, subd. (a)). On count 2, the court imposed the low term of two years to run concurrent with count 1. The enhancements on count 2 were stricken. The court imposed several fines and fees, including a $6,800 restitution fine and a suspended $6,800 parole revocation restitution fine. The court also imposed a presentence investigation fee not to exceed $450. The court stated that "all these fees will be referred for evaluation to determine your ability to pay."

### DISCUSSION

### A. Great Bodily Injury Enhancement on Count 1

Defendant asserts and the Attorney General concedes that as to count 1, the trial court erred by imposing a concurrent three-year enhancement for great bodily injury

under section 12022.7, subdivision (a) in addition to a 10-year gang enhancement under section 186.22, subdivision (b)(1)(C). We find the concession appropriate.

Section 186.22, subdivision (b)(1)(C) provides that when the underlying "felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years." A violent felony includes "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 . . . ." (§ 667.5, subd. (c)(8).)

Section 12022.7, subdivision (a) provides that "[a]ny person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years."

Under section 1170.1, subdivision (g): "When two or more enhancements may be imposed for the infliction of great bodily injury on the same victim in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense."

In *People v. Gonzalez* (2009) 178 Cal.App.4th 1325 (*Gonzalez*), the court held that section 1170.1, subdivision (g) prohibits the imposition of both a three-year enhancement under section 12022.7, subdivision (a) and a 10-year enhancement under section 186.22, subdivision (b)(1)(C) when "[t]he same infliction of great bodily injury on the same victim" turns an "underlying assault offense into a 'violent felony' under section 667.5." (*Gonzalez, supra,* at p. 1332.) Instead, the court held that the trial court should impose "only the greatest of those enhancements." (*Ibid.*)

In this case, the trial court imposed a 10-year term for the gang enhancement (§ 186.22, subd. (b)(1)(C)) and a concurrent three-year term for the great bodily injury enhancement (§ 12022.7, subd. (a)). Both enhancements were imposed based on defendant's infliction of great bodily injury on the same victim in the commission of a

4

single offense. Thus, section 1170.1, subdivision (g) precludes the imposition of both enhancements; only the 10-year gang enhancement should have been imposed. (*Gonzalez, supra,* 178 Cal.App.4th at pp. 1331-1332.)

The Attorney General suggests that this case should be remanded for resentencing, contending that the trial court may not have stricken the great bodily injury enhancement as to count 2 if it knew that it could not impose that enhancement as to count 1. In *Gonzalez,* the trial court had imposed consecutive terms for the great bodily injury and gang enhancements. (*Gonzalez, supra,* 178 Cal.App.4th at pp. 1327.) After concluding the trial court erred, the appellate court remanded the matter so the trial court could "restructure" the defendant's sentence. (*Id.* at p. 1332.) Here, the trial court imposed a concurrent term for the great bodily injury enhancement associated with the assault charged in count 1. Further, the trial court imposed a concurrent term for the assault charged in count 2. Remanding for resentencing will have no foreseeable effect on defendant's sentence. Therefore, we will order the great bodily injury enhancement as to count 1 stayed. (See Cal. Rules of Court, rule 4.447.)

### B.      *References to Waiver of Appeal Rights*

Next, defendant contends and the Attorney General concedes that references to waiver of appeal rights should be deleted from the abstract of judgment and the sentencing minute order. We agree.

Both the sentencing minute order and the abstract of judgment state that defendant's appeal rights were waived. However, nothing in the record indicates defendant entered such a waiver. In fact, defendant expressly indicated at sentencing that he would file an appeal at some point in time.

Errors in the abstract of judgment may be corrected by this court on appeal. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Accordingly, we will order that references to defendant's waiver of appeal rights be deleted from the abstract of judgment and the sentencing minute order.

### C.     *Restitution Fine and Parole Revocation Restitution Fine*

Defendant contends that the trial court erred in calculating the restitution fine and the parole revocation restitution fine at $6,800 each.  He claims that the amount of these fines was erroneously based on the probation-recommended prison sentence of 17 years rather than the 13-year prison sentence that the trial court imposed.

The Attorney General argues that defendant forfeited his challenge to the amount of these fines because he did not object in the trial court.  Defendant contends that the claim was not forfeited as the trial court failed to exercise informed discretion.  Alternatively, defendant argues that defense counsel's failure to object to the court's calculation error constituted ineffective assistance.

### 1.     Procedural History

The probation report that was prepared on October 19, 2012 recommended that the trial court impose a 17-year sentence.  The probation report further recommended that the trial court impose a restitution fine of $6,800 "under the formula permitted by Penal Code Section 1202.4 (b) (2)," and that it impose but suspend "[a]n additional Restitution Fine of an amount equal to that imposed under Penal Code Section 1202.4."

At sentencing, the trial court stated that it would "follow the recommendations of the probation department" with the exception of the recommended 17-year prison sentence.  The court imposed a 13-year prison sentence and imposed various fines and fees.  The court ordered:  "Restitution fund fine is $6,800.  There is an equal amount that I am going to impose and suspend that [*sic*] under 1202.45 of the Penal Code."

### 2.     Analysis

Section 1202.4, subdivision (a) provides that when a person is convicted of a crime, the court must order the defendant to pay a restitution fine unless the court finds extraordinary and compelling reasons for not doing so.  Former section 1202.4,

6

subdivision (b)(1)[3] provided that the restitution fine must be set at the discretion of the court, commensurate with the seriousness of the offense but not less than $200 and not more than $10,000. Former section 1202.4, subdivision (b)(2) provided that "[i]n setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." Former section 1202.4, subdivision (d) provided that in setting the fine in excess of the felony minimum, the court shall consider any relevant factors and it lists several nonexclusive factors, including the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered any pecuniary or intangible losses, and the number of crime victims. Finally, section 1202.45 requires the court to impose an additional parole revocation restitution fine in the same amount imposed under section 1202.4, subdivision (b), with the additional fine suspended unless and until parole is revoked.

Defendant relies on *People v. Le* (2006) 136 Cal.App.4th 925 (*Le*), in which the trial court imposed a $4,800 restitution fine and a suspended $4,800 parole revocation fine, specifying it was using the statutory formula to calculate the fines. (*Id.* at pp. 930, 932.) This court found that section 654 applied to a burglary count for which a one year four month sentence had been imposed, and that "the section 654 ban on multiple punishment is violated when the trial court considers a felony conviction for which the sentence should have been stayed pursuant to section 654 as part of the court's calculation of the restitution fine under the formula provided by section 1202.4, subdivision (b)(2)." (*Id.* at pp. 932, 934.) Further, this court found it "reasonably

---

[3] Section 1202.4, subdivision (b) was amended effective January 1, 2011, to increase the minimum amount of the fine, but the prior versions of the statute are applicable in this case. (Stats. 2010, ch. 351, § 9; Stats. 2011, ch. 45, § 1.)

probable that the trial court would have imposed a smaller restitution fine (and thus a smaller corresponding parole revocation fine)" if it knew that it could not have used the burglary count to calculate the restitution fine under the section 1202.4, subdivision (b)(2) formula. (*Id.* at p. 935.) This court therefore ordered the fines reduced. (*Id.* at p. 936.)

This case did not involve a section 654 error, and in this case, the trial court at sentencing did not expressly state that it calculated the restitution fine and the parole revocation restitution fine based on the formula under section 1202.4, subdivision (b). However, the trial court did specify that it would "follow the recommendations of the probation department." The probation report recommended that the fines be set at $6,800 "under the formula permitted by Penal Code Section 1202.4 (b) (2)." Application of the statutory formula based on the 17-year term that the probation department recommended results in a $6,800 fine: the product of $200 times 17 (number of years of imprisonment that the probation department recommended) times two (number of felony convictions). Thus, the record supports an inference that the court imposed the $6,800 restitution fine and parole revocation restitution fine based on application of the statutory formula to the 17-year term that the probation department recommended, rather than for any other reason. We will therefore order the restitution fine and the parole revocation restitution fine modified, i.e., so as to use the correct number of years of imprisonment to calculate the amount of fines. (See *Le*, *supra,* 136 Cal.App.4th at p. 934.) Accordingly, we will reduce the restitution fine and the parole revocation restitution fine to $5,200 each: the product of $200 times 13 (number of years of imprisonment) times two (number of felony convictions).

### D.    *Presentence Investigation Fee*

Lastly, defendant contends that the trial court erred in ordering a presentence investigation fee "not to exceed $450.00" because there is no evidence in the record that he has the ability to pay that fee. Defendant also argues that the trial court failed to

comply with statutory requirements of a hearing and determination of an ability to pay before imposing the fee. Defendant argues that the proper remedy would be to strike the presentence investigation fee. Although defendant acknowledges that he did not object in the trial court, he claims that the court's imposition of only a " 'maximum' and suggesting a future revenue referral" denied him the opportunity to object. Defendant alternatively argues that trial counsel was ineffective for failing to object to the fee.

Relying on *People v. McCullough* (2013) 56 Cal.4th 589, *People v. Valtakis* (2003) 105 Cal.App.4th 1066, and *People v. Snow* (2013) 219 Cal.App.4th 1148, the Attorney General contends that defendant has forfeited his claim.[4]

### 1. Procedural History

The probation report prepared on October 19, 2012, recommended that a "Presentence Investigation Fee not to exceed $450.00 be imposed pursuant to Section 1203.1b of the Penal Code." Defendant declined to participate in an interview with the probation officer. As such, there is nothing in the probation report regarding defendant's employment history or other relevant social data.

At sentencing, the trial court adopted the various fines and fees that were recommended in the probation report. One such fee was the presentence investigation fee "not to exceed [$]450." The court stated that "all these fees will be referred for evaluation to determine [defendant's] ability to pay."

---

[4] The California Supreme Court is currently considering whether a defendant who fails to object to an order for payment of fees that were imposed pursuant to section 1203.1b forfeits a claim that the trial court erred in failing to make a finding of an ability to pay. (*People v. Aguilar* (2013) 219 Cal.App.4th 1094, review granted Nov. 26, 2013, S213571; *People v. Trujillo,* review granted Nov. 26, 2013, S213687 [nonpub. opn.].)

### 2.	Statutory Background

Section 1203.1b authorizes the trial court to order a defendant "to pay all or a portion of the reasonable cost" of "any probation supervision" and "any presentence investigation." (*Id*., subd. (a).) Before ordering a defendant to pay such costs, however, the court must follow the procedures articulated in section 1203.1b.

Section 1203.1b, subdivision (a) mandates the following procedures: "The court shall order the defendant to appear before the probation officer, or his or her authorized representative, to make an inquiry into the ability of the defendant to pay all or a portion of these costs. The probation officer, or his or her authorized representative, shall determine the amount of payment and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay. The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver."

Section 1203.1b, subdivision (b) further mandates: "When the defendant fails to waive the right . . . to a determination by the court of his or her ability to pay and the payment amount, the probation officer shall refer the matter to the court for the scheduling of a hearing to determine the amount of payment and the manner in which the payments shall be made. The court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative."

### 3.	Analysis

Even assuming that the issue has not been forfeited, defendant's challenge fails. Section 1203.1b, subdivision (a) does not require the trial court to make a finding on a defendant's ability to pay the presentence investigation fee prior to ordering a defendant

to report for a determination by the probation officer or the Department of Revenue on the issue. Here, the trial court referred defendant "for evaluation to determine" his ability to pay the fee, thereby complying with the statutory obligation of section 1203.1b, subdivision (a). By conditioning defendant's presentence investigation fee on the determination of his ability to pay the fee, the order imposed no current financial obligation on defendant. Instead, it set a maximum financial obligation of $450 and left open what portion, if any, of that maximum defendant would pay. After the probation officer or the Department of Revenue determined defendant's ability to pay, defendant would have the right to challenge that determination at an ability-to-pay hearing before the trial court. Thus, any challenge to the presentence investigation fee is premature.

## DISPOSITION

The judgment is modified to (1) reflect a stay on the great bodily injury enhancement (Pen. Code, § 12022.7, subd. (a)) imposed as to count 1, (2) reflect that the restitution fine (Pen. Code, § 1202.4, subd. (b)) and stayed parole revocation restitution fine (Pen. Code, § 1202.45) are reduced to $5,200 each, and (3) delete any reference to defendant's waiver of appeal rights from the abstract of judgment and minutes of the sentencing hearing. As modified, the judgment is affirmed.

11

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MIHARA, J.

_____

GROVER, J.