Filed 8/24/15  P. v. Cervantez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061571 |
| v. | (Super.Ct.No. FSB1400714) |
| RICHARD PAUL CERVANTEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed with directions.

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Richard Paul Cervantez was charged with one count of attempted murder, in violation of Penal Code, sections 664/187, subdivision (a),[1] with special allegations that he personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a), and that the offenses were committed for the benefit of, under the direction of, or in association with a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C). Additionally, he was charged with one count of assault by means likely to produce great bodily injury, in violation of section 245, subdivision (a)(4), with the same special allegations. A jury acquitted him as to count one but found him guilty as to count two, finding true all special allegations in count two. The judge added three years for the great bodily injury enhancement, and ten years for the gang enhancement. Additionally, the judge ordered defendant pay a restitution fine and a parole revocation fine in the amount of $300 each.

Defendant appeals, arguing (1) the sentence on count two for both the 10-year gang enhancement and the great bodily injury enhancement was erroneous, (2) the restitution and parole revocation fines should be reduced in accordance with the law applicable at the time of the offense, and (3) the abstract of judgment should be amended to reflect that he does not have two serious felony priors. The People concede all issues. We affirm the conviction, modify the sentence, and direct the superior court to reduce the restitution fines and amend the abstract of judgment.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## BACKGROUND

On April 17, 2012, Deputy Bruce Sheble was at the San Bernardino County Central Detention Center escorting a nurse on a sick call when he responded to a "man down" call on the E-North tier. He soon discovered victim Richard Rodriguez lying on the ground with his arm bent unnaturally as if broken. There was swelling on his head and face, blood in his mouth, and his breathing was labored. He was also seizing and posturing, indicating a brain injury. He was rushed to the hospital in critical but stable condition. Deputy Sheble described the incident as "more severe than average beat down" and a treating nurse thought the victim's injuries so severe that she would be "surprised if he made it."

Before the assault, Charles Banks, an inmate of E-North, had been told by a Hispanic inmate to clear the area because "something was going to happen." He believed they were going to "handle business," which meant there would be an assault. He saw inmates passing around some "bad paperwork" on Rodriguez, which he defined as bad charges such as a sex offender conviction. He then went to the far end of the tier between cell blocks three and four to watch the television. He could only hear the assault at first, but is certain he saw at least some of it. What he heard was loud screaming and someone shouting "What I do?"

About midway through the seven minute attack, he turned and saw three men identified as the defendant, Gonzalo Hernandez, and Ricardo Garcia "beating" and "socking" Rodriguez and "kicking him in the head." He saw them stomp on Rodriguez's

3

arm and testicles, and Garcia he described as kicking and jumping on Rodriguez's head. After the assault was over, Banks saw defendant drag Rodriguez out of the cell by his arm, which appeared broken, and lay him out on the tier. He said that the inmates appeared nonchalant about what they had done and were laughing.

All perpetrators of the assault, including the defendant, self-identified as gang members at that particular time. Particularly, defendant is a member of West Side Verdugo, Mount Vernon branch. All Hispanic Southern California gang members fall under the umbrella of Surenos. Deputy Chris Bassett, a gang expert, testified that though they come from different gangs on the street, in a custody situation Surenos will band together to make themselves stronger as a whole and conduct business for the Mexican Mafia. In the past, Sureno gang members have been convicted of murder, extortion, and drug trafficking. Surenos are known for checking "paperwork" of other inmates and committing violent offenses on those considered to have the wrong type of convictions. In Deputy Bassett's expert opinion, in response to a hypothetical question, the nature of the assault would lead him to believe that it was for the benefit of the Sureno gang.

## DISCUSSION

I. *Appellant's Sentence on Count Two for Both the 10-year Gang Enhancement and the 3-year Great Bodily Injury Enhancement was Erroneous*

Defendant argues that the trial court erred in imposing both the enhancement for infliction of great bodily injury under section 12022.7, subdivision (a) and the gang

enhancement under section 186.22, subdivision (b)(1)(C).  The People concede and we accept the concession.

Section 1170.1, subdivision (g) provides that "when two or more enhancements may be imposed for the infliction of great bodily injury on the same victim in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense."  (§ 1170.1, subd. (g).)  Our Supreme Court states that the rationale behind the statute, as part of the determinate sentencing law, is "to achieve greater uniformity in sentencing by providing a limited range of sentencing options for each offense."  (*People v. Rodriguez* (2009) 47 Cal.4th 501, 508 (*Rodriguez*).)

In *Rodriguez,* defendant faced additional punishments on his assault charge under section 12022.5, subdivision (a) (personal use of a firearm), and section 186.22, subdivision (b)(1)(C) (gang enhancement).  (*Rodriguez*, *supra*, 47 Cal.4th at p. 508.)  Applying the rationale from *Black* to section 1170.1, subdivision (f), the Court determined that the section 12022.5, subdivision (a) enhancement fell within the statute's limiting language.  (*Ibid.*)  Therefore, "[b]ecause two different sentence enhancements were imposed for defendant's firearm use, [the statute] requires that 'only the greatest of those enhancements be imposed.'"  (*Id*. at pp. 508-509.)  Similarly, *People v. Gonzalez* (2009) 178 Cal.App.4th 1325, 1331-1332 (*Gonzalez*), found that section 1170.1, subdivision (g), prohibited imposition of more than one enhancement for the infliction of great bodily injury.  In that case, the Court reasoned that the "same infliction of great bodily injury" that subjected defendant to a section 12022.7, subdivision (a) enhancement

5

also "turned . . . [the] underlying assault into a 'violent felony' under section 667.5, which subjected him to a 10-year enhancement under section 186.22, subdivision (b)(1)(C)." (*Id.* at p. 1332.)

The sentencing issue of the *Gonzalez* case is echoed in the case at bar. Here, the trial judge gave defendant a three-year enhancement for infliction of great bodily injury under section 12022.7, subdivision (a), and a 10-year gang enhancement under section 186.22, subdivision (b)(1)(C). We agree that this was in error and believe that the reasoning behind the holdings of *Rodriguez* and *Gonzalez* control this case. Like the sentence enhancements in *Gonzalez*, here defendant's infliction of great bodily injury that gave him a section 12022.7, subdivision (a) enhancement also made it a violent felony that subjected him to a section 186.22, subdivision (b)(1)(C) enhancement. Therefore, since two enhancements are being applied to the same conduct, section 1170.1, subdivision (g) directs that only the greatest of the enhancements be imposed.

Having reviewed the entire record and applicable authorities, we accept the People's concession and direct the trial court to stay defendant's three-year enhancement for great bodily injury under section 12022.7, subdivision (a). (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126-1127 [§ 1170.1, subd. (f) directs that only one enhancement may be imposed and *executed* for each crime, and allows the trial court to impose and then *stay* all other prohibited enhancements].)

II. *Defendant's Restitution and Parole Revocation Fines Should Be Reduced to Reflect the Statutory Minimum*

Defendant contends that the restitution and parole revocation fines should be reduced from $300 to $240 to reflect the statutory minimum at the time he committed the offense. The People concede and we accept the concession.

Defendant's offense occurred on April 17, 2012. He argues that imposition of the fine as it stood on the day of his sentencing, July 15, 2014, instead of the day of his offense was a violation of the prohibition against ex post facto laws. Section 1202.4, subdivision (b)(1) directs that "restitution fine[s] . . . shall not be less than . . . $240 starting on January 1, 2012 . . . and . . . $300 starting on January 1, 2014." Similarly, section 1202.45, subdivision (a) directs trial courts to impose an additional parole revocation fine in the same amount as the restitution fine. It is important that a defendant receive the correct punishment for his sentence, so as not to burden him with an improperly increased minimum fine. (See *People v. Saelee* (1995) 35 Cal.App.4th 27, 31.)

Under the United States Constitution, "'""any statute . . . (2) which makes more burdensome the punishment for a crime, after its commission . . . is prohibited as ex post facto.""'" (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 294, fn. omitted, quoting *Collins v. Youngblood* (1990) 497 U.S. 37, 42.) It is well settled under California law that the prohibition against ex post facto laws applies to restitution fines. (*People v. Souza* (2012) 54 Cal.4th 90, 143; *People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189

(*Martinez*); *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248.) However, if defendant raises no objections to the amount of the fines, the issue is forfeited on appeal. (See *People v. White* (1997) 55 Cal.App.4th 914, 917.)

Defendant argues that objection to the amount of the restitution fine is not waived by forfeiture because his trial counsel failed to object to receiving the incorrect restitution fine, and so he received an ineffective assistance of counsel. (*Martinez*, *supra,* 226 Cal.App.4th at pp. 1169, 1190.) The People agree and address the elements needed to prove an ineffective assistance of counsel claim. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) In this case, defendant committed the offense on April 17, 2012 but was fined according to the statutory minimum at the time of his sentencing on July 15, 2014. The Court stated that it meant to impose the statutory minimum restitution fine when it set the fine at $300. Similar to the defendant in *Martinez,* trial counsel's silence here unfairly prejudiced the defendant in a circumstance where the outcome would be different if there had been an objection. Therefore, defendant's fine should be reduced to $240, the statutory minimum at the time of his offense.

Having reviewed the record and applicable case law, we accept the People's concession and order modification of the restitution fine.

III. *Errors in the Abstract of Judgment Should Be Corrected.*

Defendant asserts the clerk incorrectly recorded his sentence in the minutes and on the abstract of judgment. Specifically, he notes that in the oral pronouncement of judgment, the court found true that appellant had suffered one serious felony prior within

8

the meaning of section 667, subdivision (a)(1), and four prison priors within the meaning of section 667.5, subdivision (b). But, the abstract reflects that the court imposed two serious felony priors and three prison priors. The People agree that these clerical errors should be corrected. We agree that the clerk's minutes of the sentence and the abstract of judgment do not conform to the oral sentence.

The abstract of judgment constitutes the commitment and is the order sending the defendant to prison, and the process and authority for carrying the judgment and sentence into effect; no other warrant or authority is necessary to justify or require its execution. (§ 1213; *People v. Mitchell* (2001) 26 Cal.4th 181, 185, citing *In re Black* (1967) 66 Cal.2d 881, 890.) The "abstract is a contemporaneous, statutorily sanctioned, officially prepared clerical *record* of the conviction and sentence." (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070, emphasis added.) "When prepared by the court clerk, at or near the time of judgment, as part of his or her official duty, it is cloaked with a presumption of regularity and reliability." (*Ibid.*, citing Evid. Code, §§ 660, 664 & Pen. Code, § 1280.) It should go without saying that accuracy is essential in a document that prescribes the execution of sentence to the Department of Corrections and Rehabilitation (CDCR) and to which a criminal investigation and identification number is assigned for interagency use. (§ 1213, subd. (a).)

For those persons committed to state prison, the CDCR relies on the information contained in the abstract to determine the defendant's release date, as well as to determine where the defendant should be housed, based on a classification score

determined in reliance on the information about the conviction contained in the abstract. (See Cal. Code of Regs., tit. 15, §§ 3075 [initial intake], 3077 [criteria for county assessment program], 3078.3 [criteria for alternative custody program exclusion], 3269 [criteria considered for inmate housing assignments], 3375 [classification process], 3375.1 [inmate placement based on classification score].) Erroneous information on the abstract of judgment can result in errors in the defendant's classification score. With thousands of inmates received by CDCR for processing and classification, misplaced information on an abstract of judgment can result in errors or the unnecessary consumption of time on the part of CDCR.

We agree that the clerk's minutes and the abstract of judgment do not conform to the oral sentence and direct the trial clerk to amend the abstract of judgment.

### DISPOSITION

The convictions are affirmed. The superior court is directed to modify the sentence as follows: (1) stay the three-year enhancement for great bodily injury under section 12022.7, subdivision (a), pursuant to section 654; (2) reduce the amount of the restitution fine to the statutory minimum of $240.00; and (3) amend the abstract of judgment to reflect one prior conviction for a serious or violent felony within the meaning of section 667, subdivision (a)(1), and four prior convictions for which defendant served a prison sentence within the meaning of section 667.5, subdivision (b).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

10

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.