[No. B208413. Second Dist., Div. Two. Nov. 4, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
PEDRO GONZALEZ, Defendant and Appellant.

**COUNSEL**

Mark Yanis, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Michael R. Johnsen and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ASHMANN-GERST, J.**—A jury convicted Pedro Gonzalez (appellant) of one count of assault by means likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(1).)[1] The jury found true two sentence enhancement allegations: that appellant personally inflicted great bodily injury on a person other than an accomplice in the commission of a felony (§ 12022.7, subd. (a)); and that the assault was a "violent felony" committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).[2]

The trial court sentenced appellant to a term of 16 years in state prison, calculated as follows: the midterm of three years for the assault count, enhanced by three years for appellant's personal infliction of great bodily injury, and further enhanced by 10 years for appellant's commission of a violent felony to benefit a criminal street gang. The trial court awarded appellant 208 days of presentence custody credit.

This appeal presents the following question: Does imposition of both the three-year great bodily injury enhancement and the 10-year gang enhancement violate section 1170.1, subdivision (g), which provides in relevant part, "[w]hen two or more enhancements may be imposed for the infliction of great bodily injury on the same victim in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense." Applying the Supreme Court's reasoning in *People v. Rodriguez*

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] For brevity, we use the phrase "for the benefit of a criminal street gang" to refer to crimes that, in the statutory language, are committed "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ." (§ 186.22, subd. (b)(1).)

(2009) 47 Cal.4th 501 [98 Cal.Rptr.3d 108, 213 P.3d 647] (*Rodriguez*), we conclude that imposition of both enhancements *does* violate section 1170.1, subdivision (g).[3]

## FACTUAL BACKGROUND

On December 27, 2007, Armando Secundino (the victim) and his cousin were at a video arcade in Los Angeles. At the arcade, appellant approached the victim and asked the victim where he was from. The victim understood appellant's question as a query about the victim's gang affiliation, and the victim answered "nowhere." Appellant responded that he was from "18th Street" and walked a few feet away to speak with a companion, later identified at trial as Pedro Solis (Solis). Solis approached the victim, asked the victim where the victim was from, and then declared that he (meaning Solis) was from "18th Street." Around the same time, appellant went to stand behind the victim.

The victim told Solis that he did not care where Solis was from. Solis punched the victim and the two started fighting. Appellant, meanwhile, began hitting and kicking the victim from behind. The victim's cousin, who witnessed the brawl, testified that he saw appellant strike the victim more than 10 times. Once the brawl ended, the victim discovered that he had been stabbed and was severely bleeding underneath his right arm. The victim was hospitalized for four days with a collapsed lung. The victim testified that during the entire brawl, his focus was on Solis and at no point did he see Solis stab him.

Officer Adrian Lopez testified as the prosecution's gang expert. Officer Lopez testified that appellant was a member of the 18th Street criminal street gang, and that he committed the underlying offense to benefit the gang with the specific intent to further and promote criminal conduct by members of the gang.

## DISCUSSION

### I.  *Overview*

Appellant concedes that the jury's factual findings qualified him for two sentence enhancements: a three-year great bodily injury enhancement under section 12022.7, subdivision (a), and a 10-year gang enhancement under

---

[3] Because the Supreme Court issued *Rodriguez* after appellant filed his opening brief and after the People responded, we permitted both parties to provide additional briefing in light of that case.

section 186.22, subdivision (b)(1)(C). Appellant contends, however, that because *both* enhancements resulted from his infliction of great bodily injury on the same victim in the commission of a single offense, the trial court should have, pursuant to section 1170.1, subdivision (g), imposed only the greatest of those enhancements, i.e., the 10-year gang enhancement. The People agree with appellant's contention. We agree as well, and remand the matter for resentencing consistent with this decision.

II.  *Statutory Framework*

We begin by reviewing the applicable statutes:

Section 1170.1, subdivision (g) provides: "When two or more enhancements may be imposed for the infliction of great bodily injury on the same victim in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense. This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for being armed with or using a dangerous or deadly weapon or a firearm."

■ Section 12022.7 sets forth various sentence enhancements for the infliction of great bodily injury while committing or attempting a felony. Subdivision (a), the relevant provision in this case, provides: "(a) Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years." (§ 12022.7, subd. (a).)

■ Section 186.22, subdivision (b)(1), specifies that a felony "committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members" is subject to a sentence enhancement. Subparagraphs (A) through (C) set forth the actual enhancements: subparagraph (A) provides for a two-, three-, or four-year enhancement unless subparagraph (B) or (C) applies; subparagraph (B) provides for a five-year enhancement if the underlying felony is a "serious felony," as defined by section 1192.7, subdivision (c); and subparagraph (C), the relevant provision here, provides for a 10-year enhancement if the underlying felony is a "violent felony," as defined by section 667.5, subdivision (c).

Section 667.5, subdivision (c), in turn, lists a number of offenses which qualify as "violent" felonies. As relevant here, a "violent felony" includes "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 . . . ." (§ 667.5, subd. (c)(8).)

Here, appellant's infliction of great bodily injury on the victim had two consequences as it pertained to sentence enhancements. First, it qualified him for a three-year enhancement under section 12022.7, subdivision (a). Second, it turned the underlying offense of assault into a "violent felony" as defined by section 667.5, subdivision (c), which qualified appellant for the 10-year (and not the standard two-, three-, or four-year) gang enhancement under section 186.22, subdivision (b)(1)(C).

III.    *Summary of* Rodriguez

In *Rodriguez,* the defendant, a member of the Varrio Nuevo Estrada (VNE) criminal street gang, fired five to six shots at three victims, all of whom were members of the rival 18th Street gang. (*Rodriguez, supra,* 47 Cal.4th at p. 504.) When arrested, the defendant admitted firing the shots in retaliation for the 18th Street gang's assault on another VNE member. (*Ibid.*) The jury found the defendant guilty of three counts of assault with a firearm (one count for each victim), and as to each count made findings under two sentencing enhancement statutes: (1) that defendant personally used a firearm under section 12022.5, subdivision (a); and (2) that he committed a "violent felony," as defined by section 667.5, subdivision (c),[4] to benefit a criminal street gang under section 186.22, subd. (b)(1)(C). (*Rodriguez, supra,* at p. 505.) For each separate assault count, the trial court imposed enhancements under both sentencing statutes.[5] (47 Cal.4th at p. 505.)

The Supreme Court reversed the trial court's sentence on the basis of section 1170.1, subdivision (f), which provides: "When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest

---

[4] In addition to defining a "violent felony" as "[a]ny felony in which the defendant inflicts great bodily injury," section 667.5, subdivision (c)(8) also defines a "violent felony" as "any felony in which the defendant uses a firearm which use has been charged and proved as provided in subdivision (a) of Section 12022.3, or Section 12022.5 or 12022.55." (§ 667.5, subd. (c)(8).)

[5] Specifically, the trial court imposed the following sentence: "For defendant's assault on [victim one], the court imposed a three-year term for the assault, enhanced by four years for defendant's personal use of a firearm, and further enhanced by 10 years for committing a violent felony to benefit a street gang, resulting in a sentence totaling 17 years. For the assault on [victim two], the court imposed a one-year prison term (one-third of the midterm) for the assault, enhanced by one year and four months (one-third of the midterm) for defendant's personal use of a firearm, and further enhanced by three years and four months (one-third of the 10-year term) for committing a violent felony to benefit a street gang, resulting in a sentence totaling five years and eight months, to be served consecutively to the 17-year term imposed for the assault on [victim one]. For the assault on [victim three], the trial court imposed a 17-year sentence, to be served concurrently with the aggregate sentences for the assaults on [victims one and two]." (*Rodriguez, supra,* 47 Cal.4th at p. 506.)

of those enhancements shall be imposed for that offense. This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for the infliction of great bodily injury."

The Supreme Court reasoned that the defendant received two enhancements for his use of a firearm against each victim: one enhancement under section 12022.5, subdivision (a), and another enhancement under section 186.22, subdivision (b)(1)(C). (*Rodriguez, supra,* 47 Cal.4th at p. 508.) "Because two different sentence enhancements were imposed for defendant's firearm use in each crime," the Supreme Court concluded that "section 1170.1[,] subdivision (f) requires that 'only the greatest of those enhancements' be imposed." (*Rodriguez, supra,* 47 Cal.4th at pp. 508–509.)

In other words, the "defendant's firearm use resulted in additional punishment not only under section 12022.5's subdivision (a) (providing for additional punishment for personal use of a firearm) but also under section 186.22's subdivision (b)(1)(C), for committing a violent felony as defined in section 667.5, subdivision (c)(8) (by personal use of firearm) to benefit a criminal street gang. Because the firearm use was punished under two different sentence enhancement provisions, each pertaining to firearm use, section 1170.1's subdivision (f) requires imposition of 'only the greatest of those enhancements' with respect to each offense." (*Rodriguez, supra,* 47 Cal.4th at p. 509.) The court remanded the matter to the trial court to restructure the sentence so as not to violate section 1170.1, subdivision (f).[6]

## IV. *Application of* Rodriguez

■ We find the Supreme Court's reasoning in *Rodriguez* persuasive and squarely applicable to the present case. Similar to subdivision (f) of section 1170.1, subdivision (g) of the same section prohibits the imposition of more than one enhancement "for the infliction of great bodily injury on the same

---

[6] In a companion case, *People v. Jones* (2009) 47 Cal.4th 566, 572 [98 Cal.Rptr.3d 546, 213 P.3d 997] (*Jones*), the Supreme Court held that a defendant who shoots at an inhabited dwelling to benefit a criminal street gang is subject to the alternate penalty of life imprisonment under section 186.22, subdivision (b)(4), and an additional 20-year enhancement under section 12022.53, subdivision (b). The Supreme Court explained in *Jones* that even though that case bore a "superficial similarity" to *Rodriguez,* the cases were in fact different. (*Jones, supra,* at p. 572, fn. 3.) The issue in *Rodriguez* was "whether the trial court properly imposed *two sentence enhancements* (§ 12022.5 & § 186.22, subd. (b)(1)(C)," whereas the issue in *Jones* "[was] whether the trial court properly imposed a sentence enhancement (§ 12022.53) in conjunction with an *alternate penalty provision* (§ 186.22 (b)(4))." (*Jones, supra,* at p. 572, fn. 3.) Because the case before us concerns the imposition of two sentence enhancements, and not a sentence enhancement in conjunction with an alternate penalty provision, the holding in *Jones* is inapplicable here.

victim in the commission of a single offense . . . ." Here, appellant's infliction of great bodily injury on a single victim subjected him to a three-year enhancement under section 12022.7, subdivision (a). The same infliction of great bodily injury on the same victim also turned appellant's underlying assault offense into a "violent felony" under section 667.5, which subjected him to a 10-year enhancement under section 186.22, subdivision (b)(1)(C). In other words, the trial court imposed *two* enhancements for appellant's infliction of great bodily injury on the same victim in the commission of a single offense. Under the reasoning articulated in *Rodriguez*, we conclude the trial court should have imposed only the greatest of those enhancements as required by section 1170.1, subdivision (g). (*Rodriguez, supra*, 47 Cal.4th at p. 509.)

Because section 1170.1, subdivision (g) is dispositive, we need not address appellant's additional arguments that imposition of both sentence enhancements violated section 654 and constituted impermissible bootstrapping under *People v. Briceno* (2004) 34 Cal.4th 451 [20 Cal.Rptr.3d 418, 99 P.3d 1007].

## DISPOSITION

We reverse the trial court's sentence and remand the matter to the trial court to restructure appellant's sentence so as not to violate section 1170.1, subdivision (g). The judgment is affirmed in all other respects.

Boren, P. J., and Chavez, J., concurred.