Filed 12/18/15  P. v. Vochatzer CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C079271 |
| Plaintiff and Respondent, | (Super. Ct. No. CFR052373) |
| v. | ORDER MODIFYING OPINION |
| CHRISTOPHER JON VOCHATZER II, | [CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

THE COURT:

It is ordered that the nonpublished opinion filed herein on December 16, 2015, be modified as follows:

The Disposition, which read:  "The appeal is dismissed." is changed to read:  "The order is affirmed."

This modification effects a change in the judgment.


BY THE COURT:


        BUTZ        , Acting P. J.


        MAURO        , J.


        HOCH        , J.

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C079271 |
| Plaintiff and Respondent, | (Super. Ct. No. CFR052373) |
| v. | |
| CHRISTOPHER JON VOCHATZER II, | |
| Defendant and Appellant. | |

Defendant Christopher Jon Vochatzer II appeals from the order denying his "motion to correct [a] void sentence" that was imposed in 2006 pursuant to a plea of no contest in exchange for a negotiated 28-year prison term and dismissal of other charges. We assume the order is appealable even though it is the trial court's decision whether or not to recall a sentence at the request of the California Department of Corrections and Rehabilitation (CDCR).  (Cf. *People v. Loper* (2015) 60 Cal.4th 1155 [sentence recall for

1

compassionate release].)  Defendant did not obtain a certificate of probable cause.  (Pen. Code, § 1237.5.)[1]  We shall affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2014, the CDCR sent a notification to the trial court regarding its 2006 imposition of sentence in defendant's case.  (We have no record of an appeal from the original sentence.)  The notice suggested the imposition of an enhancement for personal use of a weapon pursuant to section 12022 on a conviction of assault with a deadly weapon (§ 245, subd. (a)(1)) was impermissible because this is an element of the underlying offense.  The notice reminded the trial court that if it recalled the sentence (§ 1170, subd. (d)(1)), it was entitled to reconsider the entirety of the sentence imposed (*People v. Hill* (1986) 185 Cal.App.3d 831, 834).

The trial court convened with the parties (in defendant's absence) in January 2015. The court continued the matter to give counsel time to review the matter.

Defendant then filed the motion to correct his sentence.  In addition to the possible error that CDCR had identified, defendant asserted that he was also entitled to have the court stay the sentence for his conviction for infliction of great bodily harm (§ 12022.7, subd. (a)), because his gang enhancement (§ 186.22, subd. (b)(1)) was based on the same conduct, and *People v. Gonzalez* (2009) 178 Cal.App.4th 1325 (decided after his sentencing) had held this is unlawful under section 1170.1, subdivision (g).  The prosecutor opposed any modification of defendant's sentence because defendant had entered a plea of no contest to a negotiated sentence and therefore implicitly waived any challenge to the legality of any component, arguing by analogy to the rule precluding appellate challenges to the legality of negotiated sentences (e.g., *People v. Hester* (2000) 22 Cal.4th 290, 295 (*Hester*)).  The trial court denied the motion and declined to recall

---

[1] Undesignated statutory references are to the Penal Code.

the sentence.  Defendant filed a notice of appeal without seeking a certificate of probable cause.

## DISCUSSION

On appeal, defendant contests only the trial court's failure to stay his three-year sentence for infliction of great bodily injury.  We therefore deem him to have abandoned any challenge to the trial court's failure to recall the sentence to stay the weapon use enhancement.  (Cf. *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8 [appeal abandoned for want of argument].)

Defendant limits his argument to a claim that he is entitled to retroactive effect of *Gonzalez*, because there is an absence of any evidence that any term of his plea bargain precludes the application of favorable future changes in the law.  However, he fails to anticipate the procedural obstacles to our consideration of the merits raised in the People's brief, nor has he filed a reply brief in response.

The People contend the absence of a certificate of probable cause renders defendant's appeal inoperative.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 76, 78-79 [a challenge to a negotiated sentence imposed as part of a plea bargain, regardless of time or manner, "is properly viewed as a challenge to the validity of the plea itself" and therefore requires a certificate of probable cause]; cf. *People v. Shelton* (2006) 37 Cal.4th 759, 763, 769-770 [even with nonnegotiated sentence, an attempt to challenge court's *authority* to impose a sentence contrary to section 654 is a challenge to the plea itself, as it seeks to redecide the mutual understanding of the parties that this authority exists, and therefore requires a certificate of probable cause].)  However, as *People v. Arriaga* (2014) 58 Cal.4th 950, 960 recently held, "The Legislature's express requirement that a probable cause certificate be obtained before bringing an appeal under section 1237's subdivision (a), juxtaposed with its omission of such a requirement in section 1237's subdivision (b), indicates the Legislature's intent *not* to require a certificate of probable cause for appeals

brought under subdivision (b). This makes sense, because an appeal from a postjudgment order does not generally require preparation of a trial record or the appointment of counsel, and thus does not implicate the probable cause certificate's purpose of preserving scarce judicial resources." As the present appeal is pursuant to the latter subdivision, involving an order after judgment affecting defendant's substantial rights, a certificate of probable cause is not required. However, defendant still cannot prevail.

In the first place, defendant does not provide any authority for purporting to challenge a requested modification of the sentence beyond what CDCR identified. It is the CDCR's request that invests the trial court with jurisdiction to recall the sentence and consider the particular issue posed therein as well as any other component of the sentence *if the court decides to recall the sentence*. The trial court having declined to act on CDCR's request, defendant cannot raise some *other* challenge to his sentence on appeal from the order beyond its decision to leave the personal use enhancement intact and decline to recall the sentence.

Moreover, even if the issue were cognizable on appeal, the trial court correctly relied on *Hester*, *supra*, 22 Cal.4th at page 295, which reiterated the principle that where a defendant has pleaded guilty "in return for a *specified* sentence, appellate courts will not find error . . . [because those] who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better [it] through the appellate process." This is no less true with respect to a postjudgment challenge in the trial court to the sentence. Defendant is thus precluded from arguing that *any* part of his sentence was unauthorized.

4

## DISPOSITION

The appeal is dismissed.

<u>            BUTZ            </u>, Acting P. J.

We concur:

<u>        MAURO            </u>, J.

<u>        HOCH            </u>, J.

5