Filed 10/20/21  P. v. Phothirath CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092316 |
| Plaintiff and Respondent, | (Super. Ct. No. 01F06798) |
| v. | |
| CHRISTOPHER PHOTHIRATH, | |
| Defendant and Appellant. | |

Defendant Christopher Phothirath appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.95, enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.).[1]  He contends his conviction for attempted murder as an aider and abettor on a natural and probable consequences theory was eligible for relief under section 1170.95.  He also contends, and the People properly concede, that the sentence

---

[1] Undesignated statutory references are to the Penal Code.

1

imposed is unauthorized under *People v. Gonzalez* (2009) 178 Cal.App.4th 1325 (*Gonzalez*). We agree the sentence is unauthorized and remand for resentencing, and affirm the order denying defendant's section 1170.95 petition.

BACKGROUND

In 2003, a jury found defendant guilty of committing three crimes against a single victim: assault with a deadly weapon with force likely to cause great bodily injury, (§ 245, subd. (a)(1)—count one) with a true finding defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)), attempted murder (§§ 664, 187, subd. (a)—count two) with a true finding defendant personally and intentionally discharged a firearm which caused great bodily injury or death (§ 12022.53, subds. (d) & (e)), and assault with a firearm (§ 245, subd. (a)(2)—count three), with a true finding defendant was armed with a firearm in the commission of the offense (§ 12022, subd. (a)(1)). The jury also found true gang enhancements as to all three counts (§ 186.22, subd. (b)(1)).

The trial court sentenced defendant to an aggregate term of 14 years four months: the upper term of nine years for attempted murder, plus 25 years to life for the firearm enhancement, a consecutive one-year term for assault with a deadly weapon by force likely to cause great bodily injury, plus three years four months for the gang enhancement (one-third the midterm), plus one year for the great bodily injury enhancement; and, imposed and stayed under section 654 a three-year term for assault with a firearm, plus a one-year term on the firearm enhancement, plus three years on the gang enhancement. On appeal, we affirmed defendant's conviction. (*People v. Xabandith* (July 5, 2005, C045950) [nonpub. opn.].)[2]

In 2019, defendant filed a section 1170.95 petition for resentencing. The trial court appointed counsel and ordered briefing. In the trial court, the district attorney

---

[2] We incorporated the record in case No. C045950 by reference.

argued defendant had not made a prima facie showing of eligibility, that Senate Bill No. 1437 does not apply to attempted murder convictions, and that Senate Bill No. 1437 was unconstitutional. Defendant argued that Senate Bill No. 1437 and section 1170.95 applied to attempted murder convictions, Senate Bill No. 1437 was constitutional, and he had made a prima facie showing of eligibility. Relying on the recitation of the facts in our appellate opinion, and the jury instructions given in the case, the trial court concluded defendant was not eligible for relief as he was not convicted on a theory of either felony murder or the natural and probable consequences doctrine.

DISCUSSION

I

Defendant contends the trial court erred in concluding he was ineligible for resentencing without finding he had made a prima facie case, issuing an order to show cause, and holding an evidentiary hearing. Underlying this claim is his argument that as a person convicted as an aider and abettor on a theory of natural and probable consequences, he can seek relief under section 1170.95. Defendant argues attempted murder comes within the purview of Senate Bill No. 1437, as demonstrated by the legislative history and the ameliorative legislative purpose of the bill. We disagree.

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188 to provide: "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e), now provides that a participant in the perpetration or attempted perpetration of a felony specified in subdivision (a) in which

3

death occurs is liable for murder only if one of the following is proven: "(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."

Senate Bill No. 1437 also added section 1170.95, which applies these changes retroactively by permitting qualifying individuals who were "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).)

There is no dispute defendant was convicted of attempted murder, not murder. Section 1170.95 does not apply to attempted murder convictions. (*People v. Larios* (2019) 42 Cal.App.5th 956, 970 ["section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder"], review granted Feb. 26, 2020, S259983.) Because defendant was convicted of attempted murder, not murder, the trial court properly found him ineligible for relief. Although the trial court's reasons for denying section 1170.95 relief rested on different grounds, "we review the ruling, not the court's reasoning and, if the ruling was correct on any ground, we affirm." (*People v. Geier* (2007) 41 Cal.4th 555, 582, quoting *People v. Zapien* (1993) 4 Cal.4th 929, 976 [" ' "No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion." ' "], overruled on other grounds in *Melendez-Diaz v. Massachusetts* (2009) 557 U.S. 305, 309-311.)

4

Defendant's arguments that section 1170.95 should be construed to apply to attempted murder are unconvincing. There is nothing in the language of the bill, resulting statutory language, or the legislative history indicating the Legislature intended to allow individuals convicted of attempted murder to petition for relief under section 1170.95. (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104-1105, review granted Nov. 13, 2019, S258175; see *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1017-1018, review granted Mar. 11, 2020, S259948.) Indeed, attempted murder requires the intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing. (*People v. Smith* (2005) 37 Cal.4th 733, 739.) Those who harbor an intent to kill and take a direct step towards the commission of that killing are not the less culpable petitioners section 1170.95 was designed to benefit. (See § 189, subd. (e)(2).) Thus, the statutory language affirmatively demonstrates those convicted of attempted murder are excluded from the scope of section 1170.95 relief.

Defendant's conviction for attempted murder is not eligible for relief under section 1170.95.

## II

Relying on *Gonzalez, supra*, 178 Cal.App.4th 1325, defendant contends the trial court improperly imposed sentence on two great bodily injury enhancements on the same victim in the commission of a single offense. The People properly concede this issue and that the matter must be remanded for resentencing.

*Gonzalez* relied on the Supreme Court's holding in *People v. Rodriguez* (2009) 47 Cal.4th 501, interpreting section 1170.1, subdivision (f), to interpret section 1170.1, subdivision (g). *Gonzalez* held the defendant could not be sentenced for both a great bodily injury and gang enhancement against the same victim in a single offense, since the elevated term for the gang enhancement was imposed because he committed a "violent" felony, and the assault charge was only a "violent" felony because of the infliction of great bodily injury, based on the applicable statutory definitions. Instead, the trial court

5

"should have imposed only the greatest of those enhancements as required by section 1170.1, subdivision (g). [Citation.]" (*Gonzalez, supra*, 178 Cal.App.4th at pp. 1331-1332; *id.* at p. 1332.)

Here, as in *Gonzalez*, defendant's infliction of great bodily injury had two consequences: He received a three-year term for the great bodily injury enhancement for count one; and it turned count one's assault offense into a violent felony as defined by section 667.5, subdivision (c)(8), which qualified defendant for the 10-year gang enhancement for the commission of a violent felony under section 186.22, subdivision (b)(1)(C). (*Gonzalez, supra*, 178 Cal.App.4th at pp. 1329-1330.)

However, section 1170.1, subdivision (g) prohibits the imposition of more than one enhancement "for the infliction of great bodily injury on the same victim in the commission of a single offense . . . ." As in *Gonzalez*, defendant's infliction of great bodily injury on the victim in count one subjected him to an enhancement under section 12022.7, subdivision (a) and the same infliction of great bodily injury on the same victim also turned defendant's underlying assault offense into a "violent felony" under section 667.5, which subjected him to an enhancement under section 186.22, subdivision (b)(1)(C). "In other words, the trial court imposed *two* enhancements for [defendant's] infliction of great bodily injury on the same victim in the commission of a single offense." (*Gonzalez, supra*, 178 Cal.App.4th at p. 1332.) Accordingly, the matter must be remanded for resentencing on the enhancements for count one, consistent with section 1170.1, subdivision (g) and *Gonzalez*.

## DISPOSITION

The matter is remanded to the trial court for resentencing as the sentence imposed is unauthorized under *Gonzalez, supra*, 178 Cal.App.4th 1325.  The order denying defendant's petition for resentencing under section 1170.95 is affirmed.


                                                                    /s/
                                                               RAYE, P. J.


We concur:


      /s/
MURRAY, J.


      /s/
HOCH, J.

7