Filed 4/20/22  P. v. Walker CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL EDWARD WALKER II,<br><br>    Defendant and Appellant. | F079933<br><br>(Super. Ct. No. 1091957)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County.  Scott T. Steffen, Judge.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

In 2006, a jury convicted Michael Edward Walker II (appellant) of 13 offenses, including attempted murder and assault with a deadly weapon, and found true numerous gang, firearm, and great bodily injury enhancements. The trial court sentenced appellant to 50 years to life plus 57 years. In 2016, the trial court granted a portion of appellant's petition for writ of habeas corpus and stayed several gang and firearm enhancements, reducing the determinate portion of appellant's sentence to 42 years four months. In 2019, the trial court resentenced appellant pursuant to former Penal Code[1] section 1170, subdivision (d),[2] based on a letter from the Secretary of the California Department of Corrections and Rehabilitation (CDCR). The court followed the CDCR's recommendation and stayed two great bodily injury enhancements, but imposed sentence for the enhancements previously stayed pursuant to the 2016 habeas petition. As a result, the determinate portion of his sentence was increased to 56 years.

Appellant raises several claims related to his 2019 sentence. We agree appellant's section 667.5, subdivision (b) prior prison term enhancement must be stricken in light of newly enacted legislation, and will remand the case to the trial court to conduct " 'a full resentencing as to all counts.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) Because appellant must be fully resentenced, it is unnecessary for this court to reach the merits of the remaining claims on appeal.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     During the pendency of this appeal, the Legislature enacted Assembly Bill No. 1540 (2021-2022 Reg. Sess.), which moved former section 1170, subdivision (d)'s recall and resentencing provisions to the newly enacted section 1170.03. (Stats. 2021, ch. 719, § 3.1, eff. Jan. 1, 2022. )

2.

## BACKGROUND

### I.     2006 Conviction and Sentence

In 2006 a jury convicted appellant of numerous offenses related to a series of shootings in Modesto, California.  We need not discuss the facts underlying appellant's conviction in detail because they are not relevant to this appeal.[3]

The trial court sentenced appellant to 50 years to life plus 57 years in state prison as follows:[4]

| Count | Section(s) | Offense and Enhancement(s) | Sentence(s) | Total Sentence |
|---|---|---|---|---|
| I | 664/187 | Attempted Murder | 14 Years (Middle term of 7 years doubled pursuant to 667, subd. (d) for appellant's strike prior.) | 25 Years to Life Plus 24 Years |
|  | 12022.53, subd. (d) | Discharge of a Firearm – GBI | 25 Years to Life |  |
|  | 186.22, subd. (b)(1)(C) | Gang Enhancement | 10 Years |  |
| II | 245, subd. (a)(1) | Assault with a Deadly Weapon | 6 Years (Middle term of 3 years doubled pursuant to 667, subd. (d) for appellant's strike prior.) | 23 Years – Concurrent and Stayed Pursuant to Section 654 |
|  | 12022.5, subd. (a) | Personal Use of a Firearm | 4 Years |  |

---

[3]     For a detailed description of the underlying facts, see our opinion affirming appellant's conviction.  (*People v. Walker* (May 20, 2009, F052529) [nonpub. opn.].)

[4]     This summary of appellant's sentence is drawn from the trial court's 2006 abstract of judgment.  In our prior opinion, *People v. Walker*, *supra*, F052529, we stated appellant was convicted of "five counts of assault with a firearm."  This is inconsistent with the 2006 abstract, which states appellant was convicted of four counts of assault with a deadly weapon and one count of assault with a firearm.

While we are unable to resolve this discrepancy from the record before us on appeal, it has no impact on our analysis.  Nonetheless, when appellant is resentenced in accordance with this opinion, the trial court should ensure the amended abstract of judgment accurately reflects the judgment imposed.

3.

| | | | | |
|---|---|---|---|---|
| | 12022.7, subd. (a) | Personal Infliction of GBI | 3 Years | |
| | 186.22, subd. (b)(1)(C) | Gang Enhancement | 10 Years | |
| III | 245, subd. (a)(1) | Assault with a Deadly Weapon | 2 Years (1/3 middle term of 3 years, doubled pursuant to 667, subd. (d) for appellant's strike prior.) | 7 Years 8 Months – Consecutive |
| | 12022.5, subd. (a) | Personal Use of a Firearm | 1 Year 4 Months (1/3 middle term of 4 years) | |
| | 12022.7, subd. (a) | Personal Infliction of GBI | 1 Year (1/3 middle term) | |
| | 186.22, subd. (b)(1)(C) | Gang Enhancement | 3 Years 4 Months (1/3 middle term of 10 years) | |
| V | 664/187 | Attempted Murder | 4 Years 8 Months (1/3 middle term of 7 years, doubled pursuant to 667, subd. (d) for appellant's strike prior.) | 25 Years to Life Plus 8 Years – Consecutive |
| | 12022.53, subd. (d) | Discharge of a Firearm – GBI | 25 Years to Life | |
| | 186.22, subd. (b)(1)(C) | Gang Enhancement | 3 Years 4 Months (1/3 middle term of 10 years) | |
| VI | 246 | Discharging a Firearm at an Occupied Vehicle | 10 Years (Middle term of 5 years doubled pursuant to 667, subd. (d) for appellant's strike prior.) | 25 Years to Life Plus 20 Years – Concurrent and Stayed Pursuant to 654 |
| | 12022.53, subd. (d) | Discharge of a Firearm – GBI | 25 Years to Life | |
| | 186.22, subd. (b)(1)(C) | Gang Enhancement | 10 Years | |
| VII | 245, subd. (a)(1) | Assault with a Deadly Weapon | 2 Years (1/3 middle term of 3 years, doubled pursuant to 667, subd. (d) for appellant's strike prior.) | 6 Years 8 Months – Concurrent |
| | 12022.5, subd. (a) | Personal Use of a Firearm | 1 Year 4 Months: (1/3 middle term of 4 years) | |

4.

| | | | | |
|---|---|---|---|---|
| | 186.22, subd. (b)(1)(C) | Gang Enhancement | 3 Years 4 Months (1/3 middle term of 10 years) | |
| VIII | 246 | Discharging a Firearm at an Occupied Vehicle | 3 Years 4 Months (1/3 middle term of 5 years, doubled pursuant to 667, subd. (d) for appellant's strike prior.) | 6 Years 8 Months – Consecutive |
| | 186.22, subd. (b)(1)(C) | Gang Enhancement | 3 Years, 4 Months (1/3 middle term of 10 years) | |
| IX | 245, subd. (a)(1) | Assault with a Deadly Weapon | 2 Years (1/3 middle term of 3 years, doubled pursuant to 667, subd. (d) for appellant's strike prior.) | 6 Years 8 Months – Concurrent and Stayed Pursuant to 654 |
| | 12022.5, subd. (a) | Personal Use of a Firearm | 1 Year 4 Months (1/3 middle term of 4 years) | |
| | 186.22, subd. (b)(1)(C) | Gang Enhancement | 3 Years 4 Months (1/3 middle term of 10 years) | |
| X | 245, subd. (a)(2) | Assault with a Firearm | 2 Years (1/3 middle term of 3 years, doubled pursuant to 667, subd. (d) for appellant's strike prior.) | 6 Years 8 Months – Concurrent and Stayed Pursuant to 654 |
| | 12022.5, subd. (a) | Personal Use of a Firearm | 1 Year 4 Months (1/3 middle term of 4 years) | |
| | 186.22, subd. (b)(1)(C) | Gang Enhancement | 3 Years 4 Months (1/3 middle term of 10 years) | |
| XI | 417, subd. (c) | Brandishing a Firearm at a Peace Officer | 1 Year 4 Months (1/3 middle term of 2 years, doubled pursuant to 667, subd. (d) for appellant's strike prior.) | 2 Years 4 Months – Consecutive |
| | 186.22, subd. (b)(1)(A) | Gang Enhancement | 1 Year (1/3 middle term of 3 years) | |
| XII | 69 | Resisting an Executive Officer | 1 Year 4 Months (1/3 middle term of 2 years, doubled pursuant to 667, subd. (d) for appellant's strike prior.) | 2 Years 4 Months – Consecutive |
| | 186.22, subd. (b)(1)(A) | Gang Enhancement | 1 Year (1/3 middle term of 3 years) | |

| XIII | Former 12021, subd. (a) | Felon in Possession of a Firearm | 1 Year, 4 Months (1/3 middle term of 2 years, doubled pursuant to 667, subd. (d) for appellant's strike prior.) | 2 Years 4 Months – Concurrent |
| | 186.22, subd. (b)(1)(A) | Gang Enhancement | 1 Year (1/3 middle term of 3 years) | |
| XIV | Veh. Code 2800.2, subd. (a) | Evading a Peace Officer | 1 Year 4 Months (1/3 middle term of 2 years, doubled pursuant to 667, subd. (d) for appellant's strike prior.) | 2 Years 4 Months – Concurrent |
| | 186.22, subd. (b)(1)(A) | Gang Enhancement | 1 Year (1/3 middle term of 3 years) | |
| Prior Serious Felony Enhancement – 667, subd. (a) | | | | 5 Years |
| Prior Prison Term Enhancement – 667.5, subd. (b) | | | | 1 Year |

## II.    2016 Resentencing Pursuant to Petition for Writ of Habeas Corpus

In August 2016, the trial court granted an unopposed portion of a petition for writ of habeas corpus in which appellant claimed several of his enhancements should have been stayed in accordance with *People v. Rodriguez* (2009) 47 Cal.4th 501 (*Rodriguez*). In *Rodriguez,* our high court held that "a defendant's single act of personally using a gun during the commission of a felony could not be used to support both a sentence enhancement for personal use of a firearm under [section 12022.5, subdivision (a)] and to elevate the punishment for a criminal street gang allegation to a 'violent felony' under section 186.22, subdivision (b)(1)(C)." (*People v. Le* (2015) 61 Cal.4th 416, 419, fn. omitted.)   The People conceded appellant's *Rodriguez* claims, and the court modified appellant's sentence by staying the following enhancements:  On count I, the court stayed the section 186.22, subdivision (b)(1)(C) gang enhancement;  on count III, the court stayed the section 12022.5, subdivision (a) firearm enhancement; and on count V, the court stayed the section 186.22, subdivision (b)(1)(C) enhancement.  These modifications reduced appellant's total sentence to 50 years to life plus 42 years four months.

### III.     2018 Resentencing Pursuant to CDCR Letter

In June 2018 the Secretary of the CDCR sent a letter authorizing the trial court to resentence appellant pursuant to former section 1170, subdivision (d).  The CDCR asked the court to review appellant's sentence in light of *People v. Gonzalez* (2009) 178 Cal.App.4th 1325 (*Gonzalez*).  In *Gonzalez*, the appellate court followed the reasoning in *Rodriguez* and held a defendant's single act of inflicting great bodily injury could not be used to support both a great bodily injury enhancement and to elevate the punishment for a criminal street gang allegation to a " 'violent felony' " under section 186.22, subdivision (b)(1)(C).  (*Gonzalez*, at pp. 1331–1332.)  Here, the CDCR noted appellant's sentence included a conviction for assault with a deadly weapon (§ 245, subd. (a)(1)), and that the court had imposed sentence for both a great bodily injury enhancement and a gang enhancement on that count.

In response to the CDCR's letter, the trial court calendared the matter for further proceedings.  Appellant was initially represented by appointed counsel, and the matter was continued numerous times while appellant remained in the custody of the CDCR.  Appellant did not personally appear in court until August 14, 2019.  At that hearing, appellant informed the court he wished to represent himself.  The court granted appellant's *Faretta*[5] motion and relived court-appointed counsel.

After granting the *Faretta* motion, the court stated the issue before it was whether appellant should be resentenced in accordance with the CDCR's letter.  Appellant responded he was "not here to discuss that matter," and that he wanted the court "to read the formal reading of the judgment and formal allocution."  The court refused, stating, "[t]here is no reason to do it."  Appellant then asked to submit documents to "challenge [the court's] jurisdiction."  The court briefly reviewed the documents and described them as "relating to wills, trusts, security agreements and the like."  The court informed

---

[5]     *Faretta v. California* (1975) 422 U.S. 806.

appellant it would allow him to file the documents after serving the People and providing a proof of service but explained the documents do not appear "relevant to resentencing."

The court then asked appellant if he was ready to be resentenced. Appellant replied: "I just ask for you to read the formal reading of the judgment and formal allocution, which you already said that you refused to do." The court responded: "Well, there's nothing to be gained by it. I can—and there was no allocution. But there was a judgment. I can read that. [¶] All right. On December 12, 2006, the defendant was sentenced as follows." The court then read the 2006 sentence in its entirety. However, the court made no mention of appellant's 2016 resentencing pursuant to the petition for writ of habeas corpus.

After reading the 2006 sentence, the court addressed the CDCR's letter, and ordered the section 12022.7, subdivision (a) enhancements on counts 2 and 3 stayed in accordance with *Gonzalez.* The court asked appellant if there was anything else to address, and appellant replied "no." The court concluded the hearing by stating the abstract of judgment would be completed within a couple of days.

The determinate abstract of judgment prepared following the August 14, 2019, sentencing hearing matches appellant's 2006 sentence, except for the section 12022.7, subdivision (a) enhancements stayed in accordance with the CDCR's letter. The enhancements stayed pursuant to the petition for writ of habeas corpus are not stayed in the 2019 determinate abstract of judgment. The total sentence listed is 50 years to life plus 56 years.

## **DISCUSSION**

### I. **The Prior Prison Term Enhancement Must Be Stricken in Light of Senate Bill No. 136 and Senate Bill No. 483.**

Appellant contends his prior prison term enhancement must be stricken in light of Senate Bill No. 136 (2019-2020 Reg. Sess.; Senate Bill 136). Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) such that a one-year prior prison

term enhancement now only applies if a defendant served a prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). Senate Bill 136 is silent as to retroactivity, but appellant contends it applies retroactively to judgments not final on appeal. (See *In re Estrada* (1965) 63 Cal.2d 740, 742.) Respondent agrees Senate Bill 136 applies retroactively to nonfinal judgments, but argues resentencing pursuant to former section 1170, subdivision (d), does not reopen an otherwise final judgment.

While this appeal was pending, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.; Senate Bill 483). Effective January 1, 2022, Senate Bill 483 added section 1171.1, which states: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid." We therefore need not address the parties' contentions regarding the retroactivity of Senate Bill 136, because Senate Bill 483 extended the modifications brought about by Senate Bill 136 to all judgments, including judgments already final on appeal.

Appellant's prior prison term enhancement was based on convictions for possession for sale of a controlled substance (Health & Saf. Code, § 11351) and resisting an executive officer (§ 69), neither of which is a sexually violent offense. Therefore, in light of Senate Bill 136 and Senate Bill 483, we remand this matter for the trial court to strike the enhancement under section 667.5, subdivision (b), and to resentence appellant.

## II. We Need Not Reach the Merits of Appellant's Remaining Claims Because the Trial Court Must Conduct a Full Resentencing as to All Counts.

Appellant's remaining claims on appeal are as follows: (1) the trial court violated former section 1170, subdivision (d)(1), by imposing a greater sentence upon resentencing; (2) the trial court violated section 1170.1, subdivisions (f) and (g) by imposing multiple enhancements for the same act of using a firearm (*Rodriguez, supra,*

47 Cal.4th 501), and imposing multiple enhancements for the same act of inflicting great bodily injury (*Gonzalez*, *supra*, 178 Cal.App.4th 1325); (3) the trial court violated section 1200, which requires formal arraignment and allocution prior to sentencing; and (4) the matter should be remanded for the trial court to consider appellant's ability to pay fines and fees in accordance with *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

As explained above, the matter must be remanded, and appellant must be resentenced. Under the full resentencing rule, the trial court must resentence appellant on all counts. Our high court explained in *Buycks* that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks*, *supra*, 5 Cal.5th at p. 893.) We therefore need not reach the merits of appellant's remaining claims regarding his 2019 resentencing because he must be fully resentenced. If appellant so chooses, he may address these claims in the trial court on remand.

We take no position on how the trial court should exercise its sentencing discretion when it resentences appellant. However, to assist the trial court and the parties, we note that when the trial court resentenced appellant at the August 14, 2019, resentencing hearing, the court referred only to the original sentence imposed in 2006. It is unclear from the record why the trial court did not address the 2016 resentencing. On remand, it may be necessary for the trial court to consider the 2016 resentencing, and what impact, if any, it may have on any subsequent resentencing.

## DISPOSITION

Appellant's sentence is vacated and this matter is remanded for resentencing. The trial court shall strike the enhancement imposed under section 667.5, subdivision (b).

10.

Following resentencing, the trial court shall forward a new abstract of judgment to the appropriate authorities. In all other respects, appellant's judgment is affirmed.

LEVY, Acting P. J.

WE CONCUR:


DETJEN, J.


PEÑA, J.

11.