Filed 4/21/22  P. v. Padilla CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076813 |
| v. | (Super.Ct.No. SWF025883) |
| RUBEN ANGEL PADILLA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge. Reversed.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Arlene A. Sevidal and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

1

Eight years after defendant and appellant Ruben Angel Padilla pled guilty pursuant to a plea bargain and was sentenced, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) requested that the trial court consider resentencing him pursuant to Penal Code[1] former section 1170, subdivision (d). The trial court declined to do so.

On January 1, 2022, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill 1540) went into effect, which changed the procedure for recall and resentencing upon a recommendation from the CDCR. Both parties agree that we should reverse and remand the matter to allow the trial court to review the CDCR's recommendation in light of the new law. We agree and reverse.

## PROCEDURAL BACKGROUND

Defendant was charged by amended information with two counts of premeditated attempted murder (§§ 664, 187, subd. (a), counts 1 & 3), two counts of assault with a deadly weapon (§ 245, subd. (a)(1), counts 2 & 4), and active participation in a street gang (§ 186.22, subd. (b), count 5). As to counts 1 through 4, the amended information alleged that he committed the offenses for the benefit of a gang (§ 186.22, subd. (b)) and personally inflicted great bodily injury (GBI) (§§ 12022.7, subd. (a) & 1192.7, subd. (c)(8)).

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

On August 11, 2011, pursuant to a negotiated plea agreement, defendant pled guilty to the two counts of assault with a deadly weapon (counts 2 and 4) and admitted the gang-related and GBI enhancements on both counts. In return, the court dismissed the remaining charges and enhancements and sentenced him to a total of 19 years in state prison, consisting of the upper term of four years on count 2, a consecutive three years on the GBI enhancement and 10 years on the gang enhancement, plus one year (one-third the midterm) on count 4, and one year (one-third the midterm) on the GBI enhancement. The court imposed but stayed the gang enhancement on count 4 pursuant to section 654.

On or about October 1, 2018, the Secretary of the CDCR (the Secretary) submitted a letter to the court asking it to consider resentencing defendant under the authority of former section 1170, subdivision (d). The letter asked the court to consider *People v. Gonzalez* (2009) 178 Cal.App.4th 1325, 1329 (*Gonzalez*), which held that the trial court should not have imposed sentence enhancements under sections 12022.7, subdivision (a), and 186.22, subdivision (b)(1)(C), because both enhancements were based on the GBI the defendant caused while committing the underlying offense. The Secretary recommended that the court recall defendant's sentence and resentence him in accordance with *Gonzalez*.

The People submitted a written response arguing that defendant was not entitled to resentencing under *Gonzalez*, since the defendant in that case was sentenced within the court's discretion following a trial. In contrast, defendant here agreed to a specific sentence, including certain enhancements, in order to avoid a potential life sentence. The People cited *People v. Hester* (2000) 22 Cal.4th 290 and *People v. Otterstein* (1987) 189

3

Cal.App.3d 1548, in support of the argument that since defendant entered a plea agreement, received the sentence that he bargained for, and received a significant benefit in doing so, he was not entitled to be resentenced. The People asserted that the trial court did not lack fundamental jurisdiction to impose the sentence, the People had a right to rely on that plea bargain, and the court "should now resist the invitation to resentence defendant."

The court held a hearing on March 26, 2021, and noted that it received the People's response, but did not receive a response from defendant. It read and considered the People's response, which stated that the instant case was a different scenario than *Gonzalez* since the defendant in that case had a trial and was convicted, and the court made the decision to sentence him on both enhancements. In the instant case, there was a plea agreement under which defendant would not have to face the attempted murder charges or life terms, and in order to get to the number agreed upon, there would be an agreement to plead guilty to both of the enhancements, and he would receive 19 years in prison. The court noted the People's reference to *Hester* and *Otterstein* and concluded, as follows: "[I]n reviewing the case law that I've previously cited, it's apparent to the Court that if this had been a sentence after trial, that the Court would have had to make the order resentencing the defendants to either the 10- or 3-year enhancement. But this was a plea negotiation in which the defendants who were facing life entered into a plea bargain. In doing so, I believe that they did waive any infirmaries [*sic*] that there might be with respect to the sentencing and as a result, the negotiated disposition was to their benefit. So I think that as far as [the defendants are] concerned, each of them got the benefit of

4

the bargain, rather than looking at life in prison, they received a determinant [*sic*] term of 19 years."[2]  The court thus declined to recall the sentence.  Defendant timely appealed.

On October 8, 2021, while defendant's appeal was pending, the Governor approved passage of Assembly Bill 1540, which took effect on January 1, 2022.

### DISCUSSION

#### The Matter Should Be Remanded

Assembly Bill 1540 moved and amended the recall and resentencing provisions formerly set out in section 1170, subdivision (d)(1), to a new section, 1170.03.  (Stats. 2021, ch. 719.)  Added section 1170.03 requires that, when recall and resentencing is initiated on the court's own motion or upon the recommendation of the Secretary, the court "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1170.03, subd. (a)(2).) As relevant here, the resentencing court may "[r]educe a defendant's term of imprisonment by modifying the sentence" "regardless of whether the original sentence was imposed after a trial or plea agreement."  (§ 1170.03, subd. (a)(3)(A).)  Furthermore, if a resentencing request is from the Secretary, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18."  (§ 1170.03, subd. (b)(2).)

---

[2]  The underlying case involved another defendant charged with the same crimes and had the same plea agreement.  The court was addressing both defendants in its comments and conclusion.  However, only defendant is a party to this appeal.

Defendant and the People agree that we should reverse and remand to allow the trial court to review the CDCR's recommendation under the standards of section 1170.03. However, the People contend section 1170.03 is not retroactive and does not apply to defendant since the judgment at issue is final, and "section 1170's recall-and-resentencing provision is itself a mechanism for reopening final judgments." The People only recommend remand in the interest of judicial efficiency, since the CDCR could simply initiate a new recommendation under the recall and resentencing provisions provided for in section 1170.03.

Defendant contends that the amendments under Assembly Bill 1540 apply retroactively to this case. We agree. When the Legislature enacts a statute or statutes manifesting its intent regarding a prior statute, courts are not free to disregard those legislative expressions. (*People v. McMurray* (2022) 2022 Cal.App. LEXIS 265 at p. 5) "Assembly Bill 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing." (*Id.* at p. 9.) "When a case involving such a clarifying amendment is on appeal, the appropriate resolution is to reverse and remand the matter for further proceedings in compliance with the amended legislation." (*Id.* at p. 5.)

Thus, we "reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence defendant under the new and clarified procedure and guidelines of section 1170.03." (*People v. McMurray*, *supra*, 2022 Cal.App. LEXIS 265 at p. 9.)

## DISPOSITION

The order declining to recall defendant's sentence is reversed. The matter is remanded to the trial court for further proceedings on the recall and resentencing recommendation, applying the newly enacted section 1170.03.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                        Acting P. J.

We concur:

RAPHAEL
                    J.

MENETREZ
                    J.