Filed 6/17/22  P. v. Federico CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072620 |
| v. | (Super.Ct.No. SWF017423) |
| ADRIAN GILBERT FEDERICO, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Reversed with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

1

PROCEDURAL BACKGROUND

On April 18, 2008, defendant and appellant Adrian Gilbert Federico entered a plea agreement and pled guilty to assault with a firearm. (Pen. Code,[1] § 245, subd. (a)(2), count 1.) He also admitted that he personally used a firearm in the commission of the offense (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)), personally inflicted great bodily injury (GBI) (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)), and committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)). In accordance with the agreement, the trial court sentenced him to a total term of 20 years in state prison, consisting of three years on count 1, plus the midterm of four years on the personal firearm use enhancement, three years on the GBI enhancement, and 10 years on the gang enhancement.

On September 24, 2018, the superior court received a letter from the California Department of Corrections and Rehabilitation (CDCR), recommending the court recall and resentence defendant under section 1170, subdivision (d). The letter reflected that the court should not have imposed both the GBI and gang enhancements in light of *People v. Gonzalez* (2009) 178 Cal.App.4th 1325 (*Gonzalez*).

Defendant filed a motion agreeing with CDCR's recommendation. Defendant additionally requested the court apply Proposition 57 and transfer jurisdiction to the juvenile court (he was 15 years old at the time of the offense). The trial court declined to apply Proposition 57 since defendant's judgment was final long before Proposition 57

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

took effect. However, the court concluded it would provide him with *Gonzalez* relief. It resentenced defendant to 17 years in state prison, consisting of four years on count 1, plus three years on the GBI enhancement, and 10 years on the personal firearm enhancement. The court imposed but stayed the 10-year gang enhancement under section 654.

On appeal, defendant argued that the trial court erred in denying his request to apply Proposition 57 and/or Senate Bill No. 1391 (2017-2018 Reg. Sess.), and that the matter should be remanded to the juvenile court. By published opinion filed June 11, 2020, we affirmed the judgment, holding that the court properly declined to apply Proposition 57 and Senate Bill No. 1391. On September 2, 2020, we issued the remittitur. On January 7, 2021, we recalled the remittitur after being notified that the California Supreme Court had granted review of the matter on August 26, 2020.

By order dated February 9, 2022, the California Supreme Court directed us to vacate our June 11, 2020, opinion and reconsider the cause in light of Assembly Bill No. 1540 (Stats. 2021, ch. 719). By order filed February 23, 2022, we vacated our published opinion and provided that the parties could file supplemental briefs within 15 days of the transfer order.

DISCUSSION

Defendant filed a supplemental brief in which he contends the judgment should be conditionally reversed and remanded to the trial court with directions to determine whether, pursuant to Assembly Bill No. 1540, a juvenile disposition is required. The People did not file a supplemental brief. We agree with defendant.

3

"Assembly Bill 1540 . . . clarifies the required procedures including that, when recalling and resentencing, the court 'shall . . . apply *any* changes in law that reduce sentences or provide for judicial discretion.'" (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040, italics added; accord, *People v. Cepeda* (2021) 70 Cal.App.5th 456, 471 [Assembly Bill No. 1540 requires courts to apply any changes in the law once a sentence has been recalled for resentencing.].)

The ameliorative effects of Proposition 57 apply where a defendant's final judgment in a criminal case is vacated and the court has the discretion to resentence the defendant. (*People v. Padilla* (May 26, 2022, S263375) ___ Cal.5th ___ [2022 Cal. Lexis 2916, at pp. *2-*3, *11-*14].) "Senate Bill 1391 is likewise an ameliorative change to the criminal justice system that emphasizes rehabilitation over punishment and serves the broader purpose of decarceration." (*O.G. v. Superior Court* (2021) 11 Cal.5th 82, 101 [Senate Bill No. 1391 "amended Proposition 57 to prohibit minors under the age of 16 from being transferred to adult criminal court."].)

Here, defendant's sentence was recalled pursuant to the letter from the CDCR, which gave the court authority to resentence defendant pursuant to section 1170, subdivision (d). Thus, defendant was entitled to any ameliorative changes enacted into law after his initial judgment. Therefore, the court must refer the matter to the juvenile court to determine whether defendant is entitled to any ameliorative effects under Proposition 57 and/or section 1391.

4

## DISPOSITION

Defendant's sentence is reversed, and the matter is remanded to the trial court with directions to refer the case to the juvenile court to determine whether defendant is entitled to any ameliorative effects under Proposition 57 and/or Penal Code section 1391.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

5