Filed 1/25/24  P. v. Rocha CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DANIEL NINO ROCHA,<br><br>        Defendant and Appellant. | E082351<br><br>(Super.Ct.No. RIF1303076)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge.
Affirmed.

Daniel Nino Rocha, in pro. per.; Sheila O'Connor, under appointment by the Court
of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

Defendant and appellant Daniel Nino Rocha appeals the sentence imposed after this court affirmed his convictions but remanded the matter for a resentencing hearing. Appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) In addition, defendant has had an opportunity to file a supplemental brief with this court and has done so. After reviewing the record and defendant's supplemental brief, we find no arguable error that would result in a disposition more favorable to defendant and affirm the judgment.

## II.

## PROCEDURAL BACKGROUND

This is defendant's third appeal. In defendant's first nonpublished appeal (*People v. Rocha* (Oct. 30, 2014, E059570)), we provided a statement of facts, which we will not repeat here because the facts are not germane to this appeal. The following is the procedural background taken in part from defendant's second nonpublished appeal (*People v. Rocha* (June 23, 2022, E077031) (*Rocha II*)). (Evid. Code, §§ 452, 459.)

On July 12, 2013, a jury found defendant guilty of assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2); count 1); possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2); and street terrorism (§ 186.22, subd. (a); count 3). As to count 1,

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

the jury found true that defendant had personally used a firearm (§ 12022.5, subd. (a)) and had personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).  As to counts 1 and 2, the jury found true that defendant committed the crimes for the benefit of, at the direction of, or in association with, a criminal street gang (§ 186.22, subd. (b)(1)).  In addition, defendant admitted that he had suffered one prior prison term (§ 667.5, subd. (b)(1)), one prior serious felony conviction (§ 667, subd. (a)), and one prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).

On August 30, 2013, the trial court sentenced defendant to an aggregate term of 38 years 8 months in prison as follows:  the upper term of eight years on count 1, a consecutive term of three years for the section 12022.7, subdivision (a) enhancement, a consecutive term of 10 years for the section 186.22, subdivision (b)(1) enhancement, and a consecutive term of 10 years on the section 12022.5, subdivision (a) enhancement; a consecutive middle term of 16 months on count 2, with a consecutive, stayed, three-year term for the section 186.22, subdivision (b)(1) enhancement; a consecutive middle term of 16 months on count 3; plus a consecutive five-year term for the prior serious felony conviction; and stayed a one-year term for the prior prison term.

Defendant subsequently appealed his conviction and sentence.  In a nonpublished opinion filed October 30, 2014, in case No. E059570, we affirmed the judgment of conviction, but directed the trial court to stay the 16-month sentence on count 3 pursuant to section 654.

On February 25, 2015, after issuance of the remittitur in case No. E059570, at a hearing outside the presence of counsel and defendant, the trial court vacated defendant's sentence as to count 3, imposed an upper term of three years on that count, stayed the three-year term under section 654 on count 3, and closed the case.

On September 19, 2018, the court received a letter from the California Department of Corrections and Rehabilitation (CDCR) asking it to recall defendant's sentence and resentence him under section 1170, subdivision (d). Specifically, the CDCR noted that, in *People v. Gonzalez* (2009) 178 Cal.App.4th 1325 (*Gonzalez*), the Court of Appeal held that a defendant could not be given separate sentences for enhancements under sections 12022.7, subdivision (a), and 186.22, subdivision (b)(1)(C)—one of the terms had to be stayed. The CDCR recommended that the trial court comply with the mandates of *Gonzalez*. (*Rocha II*, *supra*, E077031.)

Upon receiving the letter from CDCR, the trial court appointed counsel to represent defendant. In their respective briefing, both parties agreed that *Gonzalez* controlled and that defendant's sentence on the section 12022.7, subdivision (a) enhancement—the shorter enhancement term—had to be stayed under section 654. Among other requests, defense counsel asked the court to "correct" the sentence on count 3 "so that it conform[ed] with the command of the remittitur." Counsel pointed out that this court had directed a modification of the original judgment to reflect a 16-month stay on count 3, but that the trial court had instead imposed a three-year term on that

4

count before staying it. Counsel argued that the trial court's order was void and an excess of jurisdiction. (*Rocha II*, *supra*, E077031.)

At a hearing held on April 30, 2021, the trial court followed the recommendation of the CDCR by staying defendant's sentence on the section 12022.7, subdivision (a) enhancement under section 654. The court, however, declined to make any other changes to defendant's sentence. As to defendant's request to reduce the stayed three-year term on count 3 to 16 months, the court stated: "All right. So, as mentioned, the original sentence to Mr. Rocha was 38 years eight months. However, after the remittitur, the Court stayed Count 3 pursuant to [section] 654 and the new sentence was 37 years four months because that 16-month sentence was not allowed under the [C]ourt of [A]ppeal opinion. The Court had previously simply sentenced him to the upper term of three years. Rather than staying the 16 months, I stayed the three years. [¶] It doesn't really make much difference one way or the other because that time can never be imposed. When and if Mr. Rocha is paroled, if he violated, he doesn't get that time. That time can never be imposed upon him. So there's no danger of him receiving more time than he should. So there was no additional issues taken by the Court's imposition of the three years which was stayed, and so I think we'll just stick with that." (*Rocha II*, *supra*, E077031.) The court therefore imposed a total prison term of 34 years 4 months.

In 2021, defendant again appealed, arguing the trial court lacked jurisdiction to increase the sentence on count 3 from this court's dispositional order. We agreed and remanded the matter to the trial court with directions to reduce the term on count 3 to a

5

stayed 16-month term. Defendant thereafter successfully petitioned the California Supreme Court for review. On February 23, 2022, the Supreme Court transferred the case to us with directions to vacate our November 2021 opinion and reconsider our decision in light of the new sentencing laws, effective January 1, 2022: Assembly Bill No. 1540 (Stats. 2021, ch. 719), Senate Bill No. 567 (Stats. 2021, ch. 731), Assembly Bill No. 124 (Stats. 2021, ch. 695), Senate Bill No. 483 (Stats. 2021, ch. 728), Assembly Bill No. 518 (Stats. 2021, ch. 441), and Assembly Bill No. 333 (Stats. 2021, ch. 699). (*Rocha II*, *supra*, E077031.)

On June 23, 2022, we vacated defendant's sentence and reversed the offense of street terrorism or active gang participation (§ 186.22, subd. (a); count 3) and the true findings on the gang enhancement (§ 186.22, subd. (b)(1)) allegations attached to count 1 (assault with a firearm) and count 2 (possession of a firearm by a felon), and remanded for another sentencing hearing with directions to (1) give the People an opportunity to retry the offense and enhancements under the law as amended by Assembly Bill No. 333; and (2) if the People elect not to retry defendant, or at the conclusion of retrial, to resentence defendant under the new sentencing laws. In all other respects, the judgment was affirmed. (*Rocha II*, *supra*, E077031.)

Following briefing by the parties, the trial court held a resentencing hearing pursuant to our most recent decision on October 13, 2023. At that time, defense counsel argued that defendant's sentence should be mitigated in light of the legislative changes to the sentencing statutes and Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021,

6

ch. 721, § 1), which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements in the interest of justice. Defense counsel noted defendant's positive behavior while in prison, defendant's age and physical health, the factors under *People v. Superior Court* (*Romero*) 13 Cal.4th 497 (*Romero*), postconviction exculpatory evidence such as statements from two alibi witnesses and a recantation from the victim who had identified defendant, and defendant's lack of risk to public safety.

The trial court thereafter reiterated this court's instructions to vacate the gang offense and enhancements. After confirming with the People that they were not going to seek to retry the gang allegations, the court dismissed those enhancements and substantive charge. The prosecutor thereafter replied to defense counsel's arguments. The prosecutor acknowledged defendant's health issues, but pointed out that defendant remained a danger to public safety. The prosecutor noted that defendant had engaged in numerous offenses and not led a crime-free life while in prison and had not changed his life. The prosecutor indicated that defendant had obstructed a peace officer in the course of their duties in 2010, destroyed property in 2010, willfully delayed a peace officer in the performance of their duty in 2010, committed battery on another inmate in 2010, 2015, and 2019, possessed a cell phone numerous times in violation of prison rules (the most recent being in 2021), refused to report for assignment in 2014, possessed drug paraphernalia (a hypodermic needle) in 2019, misused state property in 2018, and possessed a controlled substance and tested positive for morphine in 2015. The

7

prosecutor argued that defendant was not an appropriate candidate for a *Romero* motion based on his continued behavior while in prison, which showed he was still a danger to public safety, and that the court should not strike his prior convictions and sentence defendant to the middle term.

After further argument by defense counsel, the trial court denied defendant's motion to strike his priors and enhancements based on the nature and circumstances of the offenses, defendant's criminal history, and defendant's future prospects. The court went through the new sentencing statutes as directed by this court, acknowledging its discretion to strike in the interest of justice, chose count 1 to be the principal term and stayed punishment on count 2 under section 654. Finding defendant still posed a risk to the community and in the interest of justice, the court declined to follow Senate Bill No. 81 to dismiss any enhancement beyond the initial one (the prior prison term enhancement was stricken). The court then sentenced defendant to an aggregate term of 18 years as follows: the middle term of three years, doubled to six years due to the prior strike on count 1 (assault with a firearm); a consecutive middle term of four years for the gun use (§ 12022.5, subd. (a)) enhancement attached to count 1; plus a consecutive term of three years for the great bodily injury (§ 12022.7, subd. (a)) enhancement attached to count 1; and a consecutive term of five years for the prior serious felony conviction; sentence on count 2 (possession of firearm by felon) was stayed under section 654. The court found defendant did not have the ability to pay the fees and fines and only imposed the mandatory restitution fine under section 1202.4 and a stayed parole revocation fine

8

under section 1202.45 in the amount of $300.  The probation department was ordered to calculate defendant's custody credits.  Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, this court appointed counsel to represent him.  Upon examination of the record, counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436, setting forth a statement of the case and a summary of the facts, and requesting this court to conduct an independent review of the record.  (See *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)  Under *Anders*, which requires "a brief referring to anything in the record that might arguably support the appeal" (*id.* at p. 744), counsel raises the issue of whether the trial court abused its discretion under section 1385 in failing to strike defendant's enhancements.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so.  Defendant's two-page letter brief consists of conclusory statements, without any attempt to provide legal or factual support for any claim of error.  Construing defendant's response broadly reveals he is challenging the trial court's refusal to strike his enhancements under Senate Bill No. 81.  Defendant is also asking this court to apply Assembly Bill No. 256.

We have considered defendant's contentions in light of the record on appeal.  We find defendant's arguments do not raise any arguable issues for reversal.

Before Senate Bill No. 81 was enacted, former section 1385 provided that a trial court may dismiss sentencing enhancements in the interest of justice. The bill amended section 1385 by adding new subdivision (c) (1385(c)), which provides in part: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385(c).)

The nine mitigating circumstances in subparagraphs (A) to (I) of section 1385(c)(2) provide as follows: "(A) Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745. [¶] (B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed. [¶] (C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed. [¶] (D) The current offense is connected to mental illness. [¶] (E) The current offense is connected to prior victimization or

childhood trauma. [¶] (F) The current offense is not a violent felony as defined in subdivision (c) of Section 667.5. [¶] (G) The defendant was a juvenile when [he] committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case. [¶] (H) The enhancement is based on a prior conviction that is over five years old. [¶] (I) Though a firearm was used in the current offense, it was inoperable or unloaded." (§ 1385(c)(2)(A)-(I).)

Multiple Courts of Appeal have interpreted section 1385(c)(2) and concluded the "'shall be dismissed language'" included in section 1385(c)(2)(B) and (C) does not mandate dismissal of any enhancements. (*People v. Walker* (2022) 86 Cal.App.5th 386, 396-398, review granted Mar. 22, 2023, S278309 (*Walker*) [purpose of section 1385(c) is to give trial court discretion to dismiss enhancements]; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17-21 (*Lipscomb*) ["'shall be dismissed'" language in section 1385(c)(2)(C) does not require dismissal of an enhancement whenever a sentence over 20 years may result]; *People v. Anderson* (2023) 88 Cal.App.5th 233, 239 (*Anderson*), review granted Apr. 19, 2023, S278786 [language in section 1385 that trial court "'shall'" dismiss an enhancement is conditioned on finding dismissal is in the interest of justice]; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294-297 [court is not required to dismiss an enhancement under section 1385(c)(2)(C) if it would endanger public safety].)

11

As explained in *Walker*, section 1385(c)(2)(B)'s phrase "'all enhancements beyond a single enhancement shall be dismissed'" cannot be considered in isolation but must be considered in the context of the statute as a whole.  (*Walker*, *supra*, 86 Cal.App.5th at pp. 396-397.)  The phrase is "not a standalone mandate of section 1385." (*Id*. at p. 397.)  Instead, it is listed among nine mitigating circumstances, which, under section 1385(c)(1) and (c)(2), are to weigh greatly in favor of dismissal as the court is exercising its discretion to determine whether dismissal is in the furtherance of justice. (*Walker*, at p. 397.)  "If we were to read the phrase appended to the multiple enhancements mitigating factor as automatically mandating dismissal of all but one enhancement whenever multiple enhancements exist, then the existence of multiple enhancements would not 'weigh greatly' in favor of dismissal—it would weigh dispositively.  But that is not what the statute says, and we are not allowed to rewrite the statute."  (*Ibid*., italics omitted.)

The court in *Lipscomb* similarly concluded that a trial court is not required to strike an enhancement under section 1385(c)(2)(C) where that mitigating circumstance is present.  Like *Walker*, the *Lipscomb* court refused to read in isolation the "shall be dismissed" language in section 1385(c)(2)(C) and instead considered the statute as a whole.  (*Lipscomb*, *supra*, 87 Cal.App.5th at p. 18.)  The court pointed out the language in section 1385(c)(2)(C) had to be read in concert with section 1385(c)(2)'s identification of mitigating circumstances and its provision that the court is to exercise its discretion to dismiss an enhancement.  As the trial court had expressly found dismissing the

12

enhancement would endanger public safety, the trial court was not required to consider and afford great weight to the mitigating circumstance under section 1385(c)(2)(C). (*Lipscomb*, at p. 18; accord, *Anderson*, *supra*, 88 Cal.App.5th at p. 239 [language, taken together, means that "the trial court has discretion to dismiss sentencing enhancements; certain circumstances weigh greatly in favor of dismissal; and a finding of danger to public safety can overcome the circumstances in favor of dismissal"].)  The *Anderson* court explained, the *shall be dismissed* language in section 1385(c)(2)(B) means that "dismissal *shall* occur but only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety."  (*Anderson*, at p. 240.)

Here, despite two arguable mitigating circumstances (multiple enhancements alleged and prior more than five years old (§ 1385(c)(2)(B) or (H)), the trial court may still decline to dismiss an enhancement if it finds doing so would endanger public safety. (§ 1385(c)(2) [presence of mitigating circumstances "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety"]; accord, *Walker*, *supra*, 86 Cal.App.5th at pp. 398-399.) Here, the trial court expressly concluded that defendant continued to endanger public safety and declined to strike his enhancements in the interest of justice, which was sufficient to rebut any presumption in favor of dismissal under either section 1385(c)(2)(B) or (H).

We decline defendant's request to apply Assembly Bill No. 256 to his case.

Assembly Bill No. 256 (2021-2022 Reg. Sess.) amended the California Racial Justice Act of 2020 to authorize the prosecution of a writ of habeas corpus or filing of a motion under section 1473 or section 1473.7 for defendants who can prove they were convicted or sentenced based on their "race, ethnicity, or national origin" in cases where judgment was entered prior to January 1, 2021. (Stats. 2022, ch. 739, §§ 2, 3, eff. Jan. 1, 2023.) Section 745 (California Racial Justice Act of 2020), enacted pursuant to Assembly Bill No. 2542 (2019-2020 Reg. Sess.) and amended by Assembly Bill No. 256, applies to nonfinal judgments, to matters in which the defendant was sentenced to death, and to matters involving "immigration consequences related to the conviction or sentence." (See § 745, subd. (j)(2).) However, effective January 1, 2023, under former[2] subdivision (b) of section 745, "A defendant may file a motion in the trial court or, if judgment has been imposed, may file a petition for writ of habeas corpus or a motion under Section 1473.7 in a court of competent jurisdiction, alleging a violation of subdivision (a)." Defendant here did not file a writ of habeas corpus or a motion under section 1473.7.

We have reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal.

---

[2] As of January 1, 2024, the statute has been amended.

14

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____

J.

We concur:


RAMIREZ _____

P. J.


McKINSTER _____

J.