Filed 1/8/26  P. v. Tuggle CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | F089108 |
| Plaintiff and Respondent, | (Super. Ct. No. CRM025784) |
| v. | |
| ROBERT ANTHONY TUGGLE, | **OPINION** |
| Defendant and Appellant. | |

**THE COURT**\*

APPEAL from an order of the Superior Court of Merced County.  Jennifer O. Trimble, Judge.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Robert Anthony Tuggle, in propria persona, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Levy, J. and Guerra, J.†

†       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

In 2014, defendant Robert Anthony Tuggle entered a plea of no contest to assault with a semiautomatic firearm and admitted enhancement allegations that the crime inflicted great bodily injury and was for the benefit of a criminal street gang. The trial court sentenced defendant to 17 years in prison. In 2024, defendant filed a resentencing petition pursuant to Penal Code[1] section 1172.6. The court summarily denied defendant's petition on the grounds that he was not convicted of felony murder, malice murder, or manslaughter.

Appointed counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record. Defendant has had an opportunity to file a supplemental brief with this court and has done so. We have considered defendant's arguments and affirm the trial court's order denying defendant's section 1172.6 petition.

## PROCEDURAL BACKGROUND[2]

On June 3, 2014, defendant entered a plea of no contest to assault with a semiautomatic firearm (§ 245, subd. (b); count 3). Defendant also admitted that he personally inflicted great bodily injury (§ 12022.7, subd. (a)) and that the crime was committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)(B)). All other remaining allegations were dismissed and enhancements stricken pursuant to the plea agreement. Defendant was sentenced to a term of 17 years as follows: on count 3, nine years, plus three years for the great bodily injury enhancement, plus five years for the gang enhancement.

On April 26, 2017, the trial court conducted a hearing pursuant to a letter it received earlier that year from the Department of Corrections and Rehabilitation (CDCR)

---

[1] Undesignated statutory references are to the Penal Code.

[2] The record does not contain the underlying facts of this case other than defendant's age of 14 years old at the time of the commission of the crime.

2.

regarding imposition of the incorrect gang enhancement. The court amended defendant's count 3 conviction to assault with a firearm (§ 245, subd. (a)(1)) and amended the gang enhancement to a violation of section 186.22, subdivision (b)(1)(C). The court thereafter resentenced defendant to a term of 17 years as follows: on count 3, four years, plus three years for the great bodily injury enhancement (§ 12022.7, subd. (a)), and a 10-year term for the new gang enhancement (§ 186.22, subd. (b)(1)(C)).

On August 30, 2018, CDCR notified the trial court that it appeared defendant's sentence was improper under *People v. Gonzalez* (2009) 178 Cal.App.4th 1325.

On March 1, 2019, the trial court declined CDCR's invitation to resentence defendant.

On October 21, 2024, defendant filed a petition for resentencing under section 1172.6. Defendant declared that he was not the actual shooter or a major participant in the underlying offense. There was no mention of the conviction defendant admitted pursuant to the plea agreement.

On November 8, 2024, the trial court summarily denied defendant's petition for resentencing under section 1172.6.

## DISCUSSION

Defendant's appointed counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and procedural background, but found no specific arguments as grounds for relief. Counsel requests that we exercise our discretion and independently examine the record for any arguable issues.

We offered defendant an opportunity to file a supplemental brief and he filed a response. Defendant argues the trial court erred in denying his petition at the prima facie stage and the court should have appointed counsel and held an evidentiary hearing, which violated his state and federal constitutional rights to due process. Defendant also argues the court failed to consider his youth as a factor when it denied the resentencing petition.

3.

## A. Additional Background

The trial court denied defendant's petition for resentencing under section 1172.6 without the appointment of counsel, ruling as follows:

> "[Defendant] is serving a 17-year sentence resulting from a June 3, 2014, plea. He was sentenced to the upper term of 9 years for a violation of … section 245[, subdivision] (b), assault with a semi-automatic firearm. He was sentenced to a[] … consecutive 8 years after admitting enhancements in violation of … sections 12022.7[, subdivision] (a) and 186.22[, subdivision] (b)(l)(B). His conviction is for a violent felony under the 'Three Strikes' law. The sentence was a result of a negotiated plea disposition. In exchange for the plea, the prosecution dismissed multiple felony charges, including attempted murder and shooting at an inhabited building. Defendant was [14] years of age at the time of the incident.

> "On October 23, 2024, [defendant] filed this Petition for Resentencing pursuant to … section 1172.6. [¶] … [¶]

> "[Defendant] was convicted by way of negotiated disposition of committing an assault with a firearm and his sentence was enhanced because he admitted that he inflicted great bodily harm on another and did so at the direction of, for the benefit of, or in association with a criminal street gang. [Defendant] received a determinate sentence. [Defendant] was not convicted of felony murder, malice murder or manslaughter. [Defendant] is, therefore, not entitled to relief pursuant to … section 1172.6"

## B. The Law

*People v. Wende* (1979) 25 Cal.3d 436 held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo*, *supra*, 14 Cal.5th 216, the Supreme Court held that the *Wende* independent review procedure is not constitutionally required in an appeal from a

4.

postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Id*. at pp. 222, 224–226.) The court further found that general due process principles regarding fundamental fairness do not compel a *Wende* independent review. (*Id*. at pp. 229–232.) The court explained that if a brief raising no issues is filed in a section 1172.6 appeal and the defendant then files a supplemental brief, the appellate court "is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.) We are not required to conduct "an independent review of the entire record to identify unraised issues" but may do so at our discretion. (*Ibid*. [it is wholly within the appellate court's discretion to conduct its own independent review of the record in any individual section 1172.6 appeal].)

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) "was designed 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Sen[ate] Bill 1437, § 1, subd. (f).)" (*People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1085–1086.) Senate Bill 1437 "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule" by amending sections 188, subdivision (a)(3) and 189, subdivision (e). (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) As amended, section 188, subdivision (a)(3) now bars the imputation of malice to a person who has merely participated in a crime, while section 189, subdivision (e)(3) allows felony murder liability only when a person "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§§ 188, subd. (a)(3), 189, subd. (e)(3).)

Senate Bill 1437 also added section 1172.6, which allows a defendant who had been previously convicted under one of the now-barred theories of felony murder to file a

5.

petition for resentencing to take advantage of the changes retroactively. (*Lewis*, *supra*, 11 Cal.5th at p. 957; § 1172.6, subd. (a).) If the petitioner made a prima facie showing for relief, the trial court was required to issue an order to show cause for an evidentiary hearing. (§ 1172.6, subd. (c).)

In 2021, the Legislature passed Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775) amending section 1172.6. (Stats. 2021, ch. 551, § 2.) Senate Bill 775 allowed criminal defendants convicted of attempted murder to file resentencing petitions. (§ 1172.6, subd. (a).) The statute requires "[t]he trial court on receiving a petition must appoint counsel to represent the petitioner if the petitioner has requested counsel. (§ [1172.6], subd. (b)(3).) After the parties are given an opportunity to submit briefs it 'shall hold a hearing to determine whether the petitioner has made a prima facie case for relief' and if the petitioner has done so, it must issue an order to show cause. (§ [1172.6], subd. (c).)" (*People v. Basler* (2022) 80 Cal.App.5th 46, 55.)

A trial court's failure to follow the procedures enacted in section 1172.6 is analyzed for prejudice under the state law standard pursuant to *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*). (*Lewis*, *supra*, 11 Cal.5th at pp. 973–974.) We review de novo a trial court's denial of a section 1172.6 petition at the prima facie stage. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

## C. Analysis

Here, the trial court did not appoint counsel for defendant, set a briefing schedule, or hold a hearing before denying defendant's resentencing petition. However, this appears to be because defendant's declaration failed to set forth facts entitling him to relief under section 1172.6. (§ 1172.6, subd. (b)(1)(A).) While defendant's petition indicated that a charging document filed against him in 2012 permitted the prosecution to proceed under a theory of "attempted murder," the petition did not state the conviction

defendant pled guilty to pursuant to the plea bargain.  Defendant's declaration was inadequate.

An examination of the record reveals defendant's attempted murder charge was dismissed pursuant to the negotiated plea bargain.  Defendant's conviction for assault with a semiautomatic firearm did not entitle him to relief under section 1172.6.[3]

Even assuming defendant's petition provided an adequate showing that he was eligible for relief under section 1172.6, and the trial court did not comply with the statutory requirements, we conclude his constitutional rights were not violated and any error is harmless.  (See *People v. Hurtado* (2023) 89 Cal.App.5th 887, 892 ["a trial court's statutory omissions at the first step of the section 1172.6 process are not state or federal constitutional violations"]; *Lewis*, *supra*, 11 Cal.5th at p. 973; *Watson*, *supra*, 46 Cal.2d at p. 836.)

### 1.  Violation of Defendant's Constitutional Rights

Defendant contends the trial court's denial of his resentencing petition without first appointing counsel, issuing an order to show cause, and holding an evidentiary hearing violated his state and federal constitutional rights.  We disagree.

Our Supreme Court held that the failure to appoint counsel does not raise a state or federal constitutional violation.  (*Lewis*, *supra*, 11 Cal.5th at pp. 972–973.)  "There is no unconditional state or federal constitutional right to counsel to pursue collateral relief from a judgment of conviction."  (*Id*. at p. 972.)  "[A] petitioner is not constitutionally entitled to counsel at the outset of the subdivision (c) stage of the section [1172.6] petitioning process."  (*Id*. at p. 973.)  "At that point, the petitioner has not yet 'stated facts

---

[3]     We point out that on April 26, 2017, the trial court amended defendant's conviction to an assault with a deadly weapon on count 3.  (§ 245, subd. (a).)  This does not change our analysis.  The record clearly established defendant was not convicted of a felony that entitled him to relief under the law.  (§ 1172.6, subd. (a).)

sufficient to satisfy the court that a hearing is required,' but merely endeavors to do so." (*Ibid.*) "Thus, the trial court's failure to appoint counsel to represent [the defendant] was state law error only." (*Ibid.*) "Typically, when an 'error is purely one of state law, the *Watson* harmless error test applies.' " (*Ibid.*)

Defendant's constitutional rights were not violated.

## 2. Harmless Error

While *Lewis* was decided before Senate Bill 775, courts have held that the "Legislature did not intend to replace the *Lewis* harmless error rule with an automatic reversal." (*People v. Hurtado*, *supra*, 89 Cal.App.5th at p. 892.) The Legislature "indicated that Senate Bill … 775 '[c]odifies the holdings of … *Lewis*' involving the right to counsel and 'the standard for determining the existence of a prima facie case.' " (*Ibid.*) This follows that Senate Bill 775 preserved *Lewis*'s "recognition of the trial court's authority to promptly screen out petitions by categorically ineligible defendants" by way of the harmless error standard following Senate Bill 775's enactment. (*Ibid.*)

The trial court correctly denied defendant's petition because the record conclusively established that his conviction pursuant to section 245, subdivision (b) was not based on any theory that entitles him to resentencing relief under section 1172.6. (See *People v. Lopez*, *supra*, 78 Cal.App.5th at p. 14.) Defendant pled guilty to committing an assault with a firearm. (§ 245, subd. (b).) His sentence was enhanced because he admitted to inflicting great bodily harm on another (§ 12022.7, subd. (a)) and did so at the direction of, for the benefit of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)(B)). All other charges were dismissed and enhancements stricken pursuant to the negotiated plea bargain. Specifically, in exchange for the negotiated plea, the prosecution dismissed defendant's multiple felony charges, including a charge for attempted murder.

The record of conviction established that defendant's claim was meritless. (*Lewis*, *supra*, 11 Cal.5th at p. 971 [the "record of conviction will necessarily inform the trial

court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)  The record supports the trial court's decision to deny the petition because defendant was ineligible for relief as a matter of law.  (See *People v. Strong* (2022) 13 Cal.5th 698, 708; § 1172.6, subd. (c).)  Defendant was not convicted of any theory that entitles him to resentencing under section 1172.6.  (See § 1172.6, subd. (a) ["A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court" to have the conviction vacated].)

There is no reasonable probability that defendant would have obtained a more favorable result if counsel had been appointed and given the opportunity to file a memorandum in support of the petition.  (*Watson*, *supra*, 46 Cal.2d at p. 836.)  The trial court's failure to appoint counsel for defendant was harmless.

### 3.  Defendant's Youth

Defendant also argues the trial court failed to consider his youth when it denied his petition for resentencing.  Defendant is ineligible for relief under section 1172.6.  Even if he was eligible for relief, there is no requirement that the court give a statement of reasons, including consideration of a defendant's age, when ruling on a section 1172.6 petition.  Nonetheless, the court expressly noted defendant's age at the time of the crime when ruling on his petition for resentencing.  Defendant's claim is meritless.

The cases defendant cites regarding consideration of youth as a factor in the context of a section 1172.6 resentencing petition concern either a murder conviction (*People v. Pittman* (2023) 96 Cal.App.5th 400, 416) or the consideration of youth in the context of whether the defendant acted with reckless indifference to human life (*In re Moore* (2021) 68 Cal.App.5th 434, 439).

Defendant's conviction in this case was an assault with a firearm. These cases are inapposite. Defendant's age at the time of the crime was not a relevant factor.

Defendant's petition for resentencing pursuant to section 1172.6 was appropriately denied.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition for resentencing is affirmed.